CHRISTENSEN et al. v. WESTINGHOUSE TRACTION BRAKE CO.

(District Court, W. D. Pennsylvania. September 30, 1916.)

No. 80.

1. PATENTS ⊜⟶310(7)—PLEADING—COUNTERCLAIM—RIGHT TO SET UP.

In a suit for the infringement of a patent, defendant moved for leave to amend its answer, to set up a counterclaim of complainant's infringement of another patent belonging to defendant. General rule in equity 30 (198 Fed. xxvi, 115 C. C. A. xxvi) provides that the answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaims against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim so set up shall have the same effect as a cross-suit, so as to enable the court to pronounce final judgment, both on the original and cross claims. The rule has no provision enabling plaintiff to obtain affirmative relief on counterclaim not germane to the suit being set up in the answer as though defendant were proceeding by original bill. Held that, as an ordinary counterclaim which a defendant may assert is one arising out of the transaction that is the subject-matter of the suit, and as there is nothing in the rule to indicate that it was intended to change the ordinary practice defendant cannot set up the counterclaim desired which does not arise out of the same transaction, the provisions doing away with the necessity of the cross-bill having no such effect; the purpose of a cross-bill being either to aid in the defense of the original suit or to obtain a complete determination of the controversies raised between the original complainant and cross-complainant over the subject-matter of the original bill.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 521–532; Dec. Dig. ⊜⟶310(7).]

2. PATENTS ⊜⟶310(8)—PLEADING—COUNTERCLAIM—CROSS-BILL.

In such case, averments of the proposed counterclaim that defendant was informed and believed that many of the machines which the bill charged had been made and sold by plaintiff embodied an invention belonging to defendant and infringed upon defendant's rights would not entitle defendant to assert the same against plaintiff in a cross-bill, for, if portions of plaintiff's machines infringed the patent of defendant, that would form the basis of an independent suit, and could only incidentally affect the question of damages; plaintiff's right of recovery being limited to infringement of the machines manufactured by defendant.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 533, 534; Dec. Dig. ⊜⟶310(8).]

---

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Bill by Niels A. Christensen and another against the Westinghouse Traction Brake Company. On motion by defendant for leave to amend its answer by setting up a counterclaim. Motion denied.

Lines, Spooner, Ellis & Quarles, of Milwaukee, Wis., Reed, Smith, Shaw & Beal, of Pittsburgh, Pa., and Wm. R. Rummler, of Chicago, Ill., for plaintiffs.

James K. Bakewell, of Pittsburgh, Pa., Paul Synnestvedt, of Philadelphia, Pa., and Thomas B. Kerr, of New York City, for defendant.

THOMSON, District Judge. This is a motion on the part of defendant for leave to amend its answer by setting up a counterclaim of infringement. Suit is brought for infringement of certain patents, one for an improvement in combined pumps and motors, and the other for an improvement in valves for compressors. These patents are owned by the plaintiff Christensen, under which the plaintiff Allis-Chalmers Manufacturing Company has an exclusive license. The defendant now asks leave to bring into the suit, by way of counterclaim, a charge of infringement against the plaintiffs of its patent for a new and useful improvement in motor compressors.

[1] Defendant's right to counterclaim for infringement of its patent depends on the proper interpretation of rule 30 of the General Rules in Equity (198 Fed. xxvi, 115 C. C. A. xxvi), which reads as follows:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaims against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim so set up shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross claims."

The wording of this rule has resulted in conflicting opinions as to its true meaning. Some judges have given to the rule a very broad interpretation, holding that the first part of the rule is mandatory and the second part permissive; that the words "counterclaim arising out of the transaction which is the subject-matter of the suit" cover broadly all matters which theretofore could have been pleaded by cross-bill; and that the word "counterclaim," as used in the second or permissive part of the rule, includes all cross-claims upon which the defendant might sue the plaintiff in equity, even if having no connection whatever with the plaintiff's cause of action. This broad interpretation of the rule is maintained by Judge Chatfield in Marconi Wireless Telegraph Co. v. National Electric Signalling Co. (D. C.) 206 Fed. 295, by Judge Lacombe in Vacuum Cleaner Co. v. American Rotary Valve Co. (D. C.) 208 Fed. 419, and by Judge Rellstab in Electric Boat Co. v. Lake Torpedo Boat Co. (D. C.) 215 Fed. 377. On the other hand, it has been held that the word "counterclaim" in the paragraph "may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him," applies only to a counterclaim proper; that is, such as could properly be set up by cross-bill, the subject-

matter of which grows out of and the relief sought depends upon, the subject-matter of the plaintiff's bill. This view is held by Judge Dodge in Terry Steam Turbine Co. v. Sturtevant Co. (D. C.) 204 Fed. 103, and in Klauder-Weldon Dyeing Machine Co. v. Giles (D. C.) 212 Fed. 452, by Judge Geiger in Adamson v. Shaler (D. C.) 208 Fed. 566, and in Atlas Underwear Co. v. Cooper Underwear Co. (D. C.) 210 Fed. 347, and by Judge Thomas in the district of Connecticut in Sydney v. Mugford Printing & Engraving Co., 214 Fed. 841.

The reasoning of Judge Dodge and those with him, who have adopted the more restricted application of the rule, appears to me as the more logical. It seems to be reasonably clear that the purpose of the rule is to require the setting up in the answer of all matters which could formerly be brought in by cross-bill only. As there is a clearly recognized distinction between a set-off and a counterclaim in equity, it must be assumed that, when the rule used both words, they were used, not interchangeably or as synonymous, but with their true distinction in view. A counterclaim is one which the defendant might assert against the plaintiff in the same suit, the cross-bill being brought either to aid in the defense of the original suit or to obtain a complete determination of the controversies between the original complainant and the cross-complainant over the subject-matter of the original bill. And if this is not its purpose, it is not a cross-bill. The term "counterclaim" or "cross-bill" in equity having a definite legal meaning, it can hardly be supposed that the court in drafting the rule used it in two different senses: The first in its ordinary and accepted signification, that is, a claim "arising out of the transaction which is the subject-matter of the suit"; the second, without any such limitation, thus practically effecting a very radical change in the law as to what could be pleaded by way of counterclaim. It is to be assumed that, if such radical change were intended, it would have been expressly and plainly declared. I do not think the wording of the rule justifies this conclusion. Giving proper effect to the words "without cross-bill" and the words "shall have the same effect as a cross-bill," it seems reasonably clear that the answer was intended to perform the function of a cross-bill, making the cross-bill no longer necessary; the matter thus pleaded in the answer having the same effect as the cross-suit. This could not be true if the defendant is permitted in effect to file an original bill by way of counterclaim having no connection with the subject of the original bill.

There is also force in the position of Judge Geiger that, if the rule were intended to so enlarge the scope of equity procedure as to permit the defendant to incorporate in his answer causes of action not related nor germane to the subject of the bill, then rule 31 (198 Fed. xvii, 115 C. C. A. xvii) should have the necessary provisions to enable the plaintiff to obtain such affirmative relief, as, were the defendant proceeding by original bill, the complainant could obtain, formerly by cross-bill, now by counterclaim. There is plainly no provision in rule 31 for such set-off or counterclaim on the part of the plaintiff, unless it is intended to be embraced in the word "reply." Certainly this at least is very doubtful. I am therefore of opinion that the words

"and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independant suit in equity against him," apply only to such counterclaims as arise out of the transaction which is the subject-matter of the suit.

[2] Nor do I think, in the case at bar, that the averment in the proposed counterclaim that "defendant is informed and believes many of the machines which the bill of complaint and the amendment thereto state have been made and sold by the plaintiffs, embody the invention set forth in said patent No. 861,488, and particularly in claims 17 and 18 thereof, and infringe upon defendant's rights thereunder," would entitle the defendant to assert the same against the plaintiff in a cross-bill. It does not go to the question of defendant's infringement of plaintiff's patents, nor do I conceive that it would be any answer to plaintiff's prayer for injunctive relief. If some portion of plaintiff's machine, not covered by his patents, infringes the patent of the defendant, that would form the basis of a separate and independent suit against him. It could only affect the incidental question of damages to which the plaintiff is entitled; his right of recovery being limited to the infringing exclusive of the noninfringing elements of the articles of defendant's manufacture and sale.

For the foregoing reasons, the defendant's motion is denied.