WESTINGHOUSE TRACTION BRAKE CO. v. CHRISTENSEN et al.

(Circuit Court of Appeals, Third Circuit.  July 3, 1917.)

No. 2248.

1. PATENTS ⬤⟹97—PROCEDURE IN PATENT OFFICE—RULES.

Rules established by the Commissioner of Patents, pursuant to Rev. St. § 483 (Comp. St. 1916, § 715), if not inconsistent with law, have the force of a statute.

2. PATENTS ⬤⟹147—VALIDITY—ISSUANCE TO CORRECT MISTAKE.

A mistake or error in a patent, incurred through the fault of the Patent Office, may, under rule 170 of that office, be corrected by a certificate of the Commissioner indorsed thereon, or, if it constitutes sufficient legal ground, by a reissue; but the Patent Office has no authority, because of a clerical error in a patent, to cancel the same on request of the patentee and issue another in its place of a later date, not designated as a reissue, and fixing the expiration date the full term after its issue, and a second patent so issued is invalid.

3. PATENTS ⬤⟹328—VALIDITY.

The Christensen patent, No. 635,280, for a combined air pump and electric motor, held void, as issued without authority.

Certiorari to the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in equity by Niels A. Christensen and another against the Westinghouse Traction Brake Company. Decree of dismissal on motion of complainants, and defendant petitions for writ of certiorari. Reversed.

See, also, 235 Fed. 898.

Paul Synnestvedt, of Philadelphia, Pa., and Thomas B. Kerr, of New York City, for petitioner.

Willet M. Spooner, of Milwaukee, Wis., and William R. Rummler and Ralph M. Snyder, both of Chicago, Ill. (Joseph B. Cotton, of New York City, Lines, Spooner & Quarles, of Milwaukee, Wis., and Reed, Smith, Shaw & Beal, of Pittsburgh, Pa., of counsel), for respondent.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge.  In the District Court for the Western District of Pennsylvania this was a suit in equity charging the infringement of several patents; Christensen and the Allis-Chalmers Company being the plaintiffs, and the Westinghouse Traction Brake Company being the defendant. The bill was filed in March, 1916, and the answer in the month following. On February 13, 1917, the plaintiffs moved for leave to dismiss the bill, and on February 24 the court granted the motion, entering an order of dismissal at the plaintiffs' costs without prejudice to their rights, and providing that the depositions theretofore taken might be used in any other subsequent or pending litigation between the plaintiffs and the defendant. On April 23 the defendant presented to the Court of Appeals the pending petition, which sets forth in substance:

That in the bill the Brake Company was charged with infringing 3 letters patent (two others being added by amendment), two of the first three covering identically the same invention and both having been granted to Christensen a few months apart—these patents being No. 621,324, issued March 21, 1899, and No. 635,280, issued October 17, 1899, each for the full term of 17 years from its date. That the bill explains this unusual situation as follows: When the first patent issued on March 21, it contained (probably by inadvertence in the office) a sheet of drawings that the patentee had ordered to be canceled during the proceeding before the examiner. Several months later the patentee sent the letters back and demanded new letters that would omit the sheet referred to. He did not apply for a reissue, but the Commissioner granted the demand, and on October 17 canceled the old letters and issued new letters identical therewith (excepting the sheet), but running for 17 years from its own date. That the answer admits these facts, and sets up the invalidity of the second patent on the ground that it was a later grant to the same man for the same invention.

That, in addition to the facts thus charged and admitted, the bill also shows that the question of validity between the two patents has become important, because the bill also avers that the plaintiffs' machines were marked under the second patent, but contains no such averment as to marking under the first patent—this being a matter that affects the accounting, if the first patent should be adjudged valid over the second. That the dates show that both patents have now expired, although if the first patent continued to be in force it did not expire until several days after the bill was filed. That as no injunction can now issue under either patent, the bill presents only a question of recovery and accounting, so far as these two are concerned. Whichever patent be valid over the other, the District Court had in the pleadings, without regard to any other consideration, all the facts needed for a decision of this question on the merits; the bill submitting the question as an issue to be determined by the court, and praying for an injunction alternatively under the first patent or the second. The petition goes on to aver that the answer not only sets up a number of prior patents and prior uses, but pleads specially that the second patent was invalid by reason of the prior issue of the first.

The petition further avers: That both parties took testimony de bene esse and filed the depositions in court; the plaintiffs taking the testimony of ten witnesses, offering in connection therewith a number of exhibits, and introducing also a stipulation which in substance restates the facts set up in the bill and answer regarding the relation between the two patents. That afterward the plaintiffs by amendment added two other patents to their bill, and that to these an amended answer set up the defenses of laches, failure of marking and of notice, noninfringement, and lack of validity. That the defendant asked leave to amend its answer further, so as to set up as a counterclaim a certain infringement by the plaintiffs, but that this motion was denied. 235 Fed. 898. That on March 13, 1916, the plaintiffs brought a similar suit against the petitioner in Chicago, based upon the same three pat-

ents originally set up in the present suit, and that the defendant filed an answer to the Chicago suit, since which time nothing has been done therein, the plaintiffs electing to proceed in the Pittsburgh action. That the case in Pittsburgh was put down for trial and was called in November, 1916, being finally fixed for trial on January 22. That on January 20 the plaintiffs were granted a postponement until February 13, although the petitioner, with its counsel and witnesses, was then prepared to proceed. That the petitioner made ready again for the trial fixed for February 13, but that a day or two before that date the plaintiffs gave notice of a motion for leave to dismiss the bill without prejudice. That the petitioner opposed the motion on the ground that the granting thereof would deprive it of substantial rights, and that before the motion for leave to dismiss was decided the petitioner moved "for judgment upon the pleadings and proofs already filed" as to the three patents originally contained in the bill, alleging that all the facts necessary to judgment concerning the first two patents at least were already in the bill and answer, so that nothing else was needed as to them except a decision on the legal points involved. That affidavits and briefs were filed in support of the motions and in opposition thereto, and that argument was had, after which the dismissal was allowed on the conditions already stated; but that the petitioner's motion for judgment was denied on the ground that the case had not come on for trial, and that the stipulations of counsel and the exhibits were not in evidence, the court saying at the same time:

"If it were a question determinable upon reading the bill and answer, the ruling of the court might be different."

That the petitioner thereupon moved for a rehearing of its motion for judgment as to the first two patents, insisting that such motion was determinable upon the bill and answer, and that the petitioner was therefore entitled to have the case decided in order to end the litigation. That the District Court declined to pass upon the motion for rehearing on the ground that the case was no longer before the court.

The petitioner alleges that the action of the District Court in allowing the plaintiffs to dismiss, and in declining to pass upon the motion for a rehearing, deprived it of rights to which it was entitled under the law and the equity rules, especially under rule 69, and moreover that such action deprived it of its right of appeal. The petitioner therefore prays for a writ of certiorari to bring up the record to the Court of Appeals, in order that the matters set up in the petition may be reviewed, or, in the alternative, for a mandamus directing the district court to try and determine the issues raised by the bill and answer with respect to the first two patents.

The petition was filed in this court on April 17, and notice was given that the court would be applied to on April 23. The application was then made ex parte, and after consideration thereof the matter was set down for argument on June 15. On that day counsel for both sides appeared, and, after discussing the point whether the remedy sought to be invoked was appropriate, they agreed at bar that the merits of the controversy should be heard in reference to the first two patents, and accordingly argument was had thereon. Informally, therefore, but

with complete effect, the case is before us as if a certiorari had been actually issued and the record returned in obedience thereto. This agreement relieves us from considering any preliminary question concerning procedure, and we turn at once to the dispute concerning the respective validity of the first two patents. The petitioner concedes that the propriety of the District Court's order, so far as it affects the other three patents, is not before us, and it must be understood that as to these the bill stands dismissed.

The two patents in controversy were before the Court of Appeals for the Seventh Circuit in National Brake Co. v. Christensen, 229 Fed. 564, 144 C. C. A. 24, and the opinion of that court contains the following paragraphs:

"Letters patent No. 621,324 were issued March 21, 1899. Included therein was a sheet of drawings which had formed part of the original application, but had been eliminated therefrom and made part of a separate application after a division. The patentee at once rejected the letters patent, returned them for cancellation, and because of the error there was issued to him letters patent No. 635,280 on October 17, 1899. The latter patent in terms ran for 17 years from its date.

"Suit was begun on both patents, alleging an infringement of the invention, and asking that, if the latter should be deemed invalid, because not issued in conformity with the reissue statute' (R. S. § 4916 [Comp. St. 1916, § 9461]), the attempted cancellation of the former should be deemed a nullity. * * *

"It is of no moment which of the two patents be held to be in force. The surrender for cancellation of the one was conditioned upon the grant of a valid legal substitute. If the Commissioner of Patents was without authority to issue the second, then, in our judgment, his action in canceling the first must be deemed legally ineffective. We agree, however, with the learned trial judge that, while Christensen's procedure did not aim at a reissue, the situation is identical with that presented on an application for reissue, and that, without formal application, the later patent might have been designated as a reissue. This is a case of a pure clerical error, not of double patenting. While two documents have been issued, there is but a single grant of one and the same right to the same person.

"That the second patent was erroneously granted for a term of 17 years from its date does not nullify it. The law itself prescribes the term of a patent; 17 years is the maximum. It may for several reasons expire at an earlier date. The failure properly to limit the term no more affects the validity in this case than it does in a case where, because of a prior foreign patent having a shorter term, the United States patent by law expires before the end of the 17 years specified in the document."

A certiorari to review the decree of the Court of Appeals was refused by the Supreme Court. 241 U. S. 659, 36 Sup. Ct. 447, 60 L. Ed. 1225. The opinion in the District Court has not been reported, but we have examined a copy, and the following extract will show the view that was taken by Judge Geiger:

"The questions arising in the case are:

"(1) Whether letters patent No. 635,280 are valid—defendant contending that they were issued without authority; that the irregularity, if it be one, of attaching to letters patent No. 621,324 the additional sheet, was subject to correction only through the medium of a reissue. An amendment to the bill was permitted to enable complainants to present all the facts, now conceded to be as above stated. If defendant is right in contending that the Commissioner of Patents was without power to grant the second patent, it ought to follow that he also lacked power to accept surrender of and to cancel the first grant. So, too, if the situation was such that complainant was entitled to a reissue, there is nothing in the reissue statute which precludes us from treating the

second as, in effect, a reissue, except the fact that it fails to limit the term to that of the first patent. While the procedure adopted by Christensen may not conform to nor have been followed with the express design of obtaining a reissue, the facts brought to the Commissioner's attention are identical with those which would have been averred and presented upon an application for reissue; and, even without formal application for reissue, the Commissioner could, in my judgment, have disposed of Christensen's application by designating patent No. 635,280 as a 'reissue.' In every aspect of the case, it appears that the government has allowed and granted a patent embodying the claims which, in the two documents, are identical. Whether the patent be evidenced by one, the other, or both, is not, in view of the issues now here material. Complainants' contention that even though the second patent on its face extends the term of the monopoly beyond that permitted by statute the court may, when necessary to protect the public or a party, give the instrument its actual limitation and effect, strikes me as fair and entirely consistent with the spirit of the patent laws. In other words, there is no reason why the irregularity of procedure should work a default or a total lapse in the patentee's right or title, especially as against one who has not been injured or misled, nor from whom relief is sought in reliance upon the irregularity. The question, upon the present state of the case, is therefore academic only."

We think it clear that the question now presented was not directly decided in the Seventh circuit. As the suit there was begun in December, 1906, when both patents were only between 7 and 8 years old, the question which patent was in force was "academic." One or the other was valid, and as the invention was identical the infringer was not harmed by being enjoined under one rather than the other. In point of fact the injunction was under the second patent, and this is the decree that was affirmed, although the opinion of the Court of Appeals may be thought to lean toward the view that the first patent continued to be in force, and that the second patent had been erroneously granted.

[1, 2] But, while it might be regarded as a matter of indifference under which patent an injunction should be granted, the situation is changed when the question of accounting is presented. The two patents have different dates of expiration, and the question of marking is also to be considered. We are therefore required now to decide between the two, for confessedly both cannot be valid, and in our opinion the decision should be in favor of the first patent. The mistake could have been corrected under rule 170 of the Patent Office—such rules if not inconsistent with law having the force of a statute. Rev. Stat. § 483; Steinmetz v. Allen, 192 U. S. 556, 24 Sup. Ct. 416, 48 L. Ed. 555; Caha v. U. S., 152 U. S. 221, 14 Sup. Ct. 513, 38 L. Ed. 415; Wilkins v. U. S. (C. C. A. 3d) 96 Fed. 841, 37 C. C. A. 588—which provides as follows:

"Whenever a mistake, incurred through the fault of the office, is clearly disclosed by the records or files of the office, a certificate, stating the fact and nature of such mistake, signed by the Commissioner of Patents, and sealed with the seal of the Patent Office, will, at the request of the patentee or his assignee, be indorsed without charge upon the letters patent, and recorded in the records of patents, and a printed copy thereof attached to each printed copy of the specification and drawing.

"Whenever a mistake, incurred through the fault of the office, constitutes a sufficient legal ground for a reissue, such reissue will be made, for the correction of such mistake only, without charge of office fees, at the request of the patentee."

Or if, because of the mistake, the specification had become either "defective or insufficient" (Hobbs v. Beach, 180 U. S. 394, 21 Sup. Ct. 409, 45 L. Ed. 586), the patentee had the right to apply for a reissue under section 4916 and the appropriate rules of the office. Instead of pursuing either of these courses, the patentee merely asked for a summary and irregular correction of the mistake, and the Commissioner complied with this request. Now, if the Commissioner had merely omitted the sheet of drawings and had given to the second patent the same date of expiration as the first, no possible harm could have been done, and his action might perhaps have been regarded as taken within the general scope of rule 170, although it did not exactly comply with the requirements of that rule. But when he undertook to fix a new date of expiration, thus prolonging the life of the patent, he did what he had no lawful right to do.

[3] The second patent was not a reissue, for it did not conform to section 4916, and it was not confined to correcting a mistake under rule 170, for it went beyond the mistake and modified the first patent in a vital particular, namely, in its date of expiration. Therefore, as the Commissioner had no warrant in the law for what he did (McCormick Co. v. Aultman, 169 U. S. 608, 18 Sup. Ct. 443, 42 L. Ed. 875), we see no escape from the conclusion that the second patent was invalid, and must now be so adjudged.

To avoid misunderstanding, and if possible to prevent further controversy on several points, we may add that the petitioner is at liberty to urge any defense that may be available under its answer, with the same effect as if the bill had been originally brought under the first patent. On these matters we decide nothing, and we express no opinion upon the question (1) whether, in view of the date when the bill was filed, the remedy in equity was open to the plaintiffs; or upon the question (2) to what extent the petitioner is liable to account in case the equitable remedy be adjudged to have been available, and the petitioner be found to have infringed.

The decree of dismissal is therefore reversed so far, and so far only, as it affects the two patents referred to, and the bill is reinstated for further proceedings in conformity with this opinion.