WESTINGHOUSE TRACTION BRAKE CO. v. ORR, District Judge et al.

(Circuit Court of Appeals, Third Circuit.   June 3, 1918.)

No. 2248.

EQUITY ☞363—DISMISSAL ON MOTION OF DEFENDANT.

An order entered on the minutes, on motion of defendant, that the court "does now dismiss this bill for want of prosecution," was in effect a final decree, binding on defendant, which was not entitled at a subsequent term to a formal decree of dismissal "on the merits."

Petition for Revision of Proceedings of the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

In Equity.   Suit by Niels A. Christensen and the Allis-Chalmers Company against the Westinghouse Traction Brake Company.   On petition by defendant for mandamus or certiorari directed to Charles P. Orr, District Judge.   Denied.

James K. Bakewell and Paul Synnestvedt, both of Pittsburgh, Pa., and Thomas B. Kerr, of New York City, for petitioner.

Joseph B. Cotton, of New York City, Willet M. Spooner, of Milwaukee, Wis., William R. Rummler, of Chicago, Ill., and Louis Quarles, of Milwaukee, Wis., for respondents.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge.   This controversy is a supplement to Westinghouse Co. v. Christensen, 243 Fed. 901, 156 C. C. A. 413, and will be better understood if we preface the following opinion with a brief summary of what was there decided.

In the court below the bill was filed in March, 1916, by Christensen and the Allis-Chalmers Company, and (as amended) charged the Brake Company with infringing five patents, two of them being Nos. 621,324 and 635,280, called herein the first and the second patents respectively, both being for the same invention.   On February 24, 1917, on the plaintiffs' motion the District Court dismissed the bill "without prejudice."   Contending that sufficient undisputed facts appeared by the bill and the answer to present the question which of these two patents was valid, and that the District Court should have decided this question, the company applied to this court for a writ of certiorari in order to obtain a decision on this point.   On July 3 we decided it, reversing the decree "so far, and so far only, as it affects the two patents referred to," and reinstating the bill "for further proceedings in conformity with this opinion."   Our decision was that the second patent was invalid and should be so adjudged, and that the cause should proceed upon the first patent alone; the company to be at liberty "to urge any defense that may be available under its answer, with the same effect as if the bill had been originally brought under the first patent."   We did not determine what the subsequent course of the litigation should be, but merely decided that the first

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

patent alone should stand as the ground of the suit, leaving the parties to proceed thereafter as they might be advised. The question before us was not whether the court below had erred in dismissing the bill "without prejudice," but whether that court should have decided the question of validity between the two patents, the point being concededly raised by the bill and the answer; and even this question (as our opinion shows) was submitted to us by agreement of counsel at bar. We did not determine that the writ of certiorari was a proper method of procedure; the objection was argued but was waived, and counsel agreed that we should decide which patent was valid. We passed upon nothing else, and it is a mistake to suppose that we directed the District Court to try the case on the merits. Of necessity, we were obliged to reverse the decree, in order to decide which patent was valid, and (having decided it) we then sent the case back for further proceedings; but we did not even intimate what course the proceedings should take, but left that subject to be determined below in the usual manner.

On August 3 the mandate issued, and on September 3 the District Court fixed October 1 as the date of trial. On that day the company appeared with its counsel, exhibits, and witnesses; but the plaintiffs made no attempt to proceed, and did not appear, except by local counsel, who formally represented them in obedience to a rule of the Western district. Thereupon the company moved that the bill be dismissed for want of prosecution, so far as the first patent was concerned, and although the plaintiffs objected the court granted the motion. The clerk has certified (apparently from the minutes) that the court then declared the second patent to have been issued without warrant of law, and adjudged it to be invalid, entering also a formal decree to this effect. At the same time the minutes show that the following ruling was made as to the first patent:

"With respect to patent No. 621,324, the defendant appearing by its counsel, and the plaintiffs not appearing by counsel representing them, except by the local counsel required under the rules to be associated with foreign counsel, and motion having been made by the defendant that the bill be dismissed for want of prosecution, that motion must be sustained; but, it not appearing that the principal counsel for the plaintiff's have had actual notice of the time fixed for the final hearing in this case, and it being questionable whether or not local counsel had actual notice thereof, this court, over objections by Mr. Frazer who has been the local associate of the plaintiffs' principal counsel, *does now dismiss this bill* for want of prosecution, with leave to the plaintiffs at any time during the pending term to ask for a setting-aside of *this decree* for proper cause shown."

So far as appears, no formal decree was entered in pursuance of this ruling, but on the same date the following entry was made in the docket:

"Order entered on equity calendar: 'Oct. 1, 1917, dismissed for want of prosecution.' "

We think nothing else was required; the order, or ruling, or decree (whatever name may be given it) is found in the clerk's minutes, which are kept as part of his official duty, and is certified by him "from the record." The company has never denied that it correctly states what

took place, and the record shows, therefore, that the District Court finally disposed of the case on October 1, and by an act that was intended to take effect in præsenti dismissed the bill for want of prosecution, thereby sustaining the company's request that such action should then be had. But, being in doubt whether the plaintiffs' principal counsel had actually known the date of trial, the court out of abundant caution added:

"With leave to the plaintiffs at any time during the pending term to ask for a setting aside of *this decree* for proper cause shown."

This clause was unobjectionable, although it was superfluous; the plaintiffs would have had the same right during the term, even if no leave had been formally given. The term lasted until November 11, but the plaintiffs did not move to set aside, and the company was evidently satisfied with the court's action, for no motion was made to correct it. Therefore, when the new term began on November 12, the order of October 1—"this decree," as the court described it—continued without change, and in our opinion no further and purely formal order was needed. No doubt, such an order might have been entered; but it would have made no important change in what already appeared on the record, and there was no necessity to use again the same or similar language. The order of October 1 was not a direction that a decree should be entered in the future, but was an order expressly directed to take effect on that very day, with formal authority reserved to set it aside, if cause should be shown.

But, in any event, the order or decree became final at the end of the term, and the company so understood it, as appears from the motion it presented to the United States District Court in Chicago on December 7, where a similar suit on the same two patents was pending between the same parties. By that motion the company asked the Chicago court to dismiss the bill as to these patents on the ground that the Pittsburgh court had adjudged the second patent invalid, and had dismissed the bill as to the first patent "for lack of prosecution," averring, further, that the "decree for dismissal" as to the first patent had been coupled with leave to move for setting it aside during the term, and that the plaintiffs had made no such motion, and "therefore the decree became absolute on the expiration of the term." We are not advised by the record before us what action the court took in Chicago, but apparently no order was entered and the motion seems to be still under advisement. At all events, on January 3, 1918, the Brake Company turned once more to Pittsburgh, and moved there that a new decree should be entered, and on January 7 obtained such a decree, by which the bill was again dismissed as to three of the five patents—although as to these the decree of February 24, 1917, had never been attacked—and was now dismissed "on the merits" as to the first and the second patents.

This was an unusual step, and was taken under a misapprehension, as appears from the following unreported opinion of Judge Orr:

"An application has been made on the part of the plaintiff to vacate a decree entered in this court on the 7th day of January, 1918. The application was made on January 10. Notice was given to counsel for the plaintiffs on

the 31st of December, 1917, that application was made by the defendant to have a decree entered on January 3, 1918, and a form of such decree accompanied said notice. The application was made by the defendant at the time fixed, and the matter was held until the 7th of January, when the decree was entered. The plaintiffs' counsel, in the affidavit in support of their present motion, present a sufficient excuse for not being present at the time fixed in the notice served upon them, to wit, that storm conditions were of such a character that they were unable to give the matter the attention which it deserves. A brief statement of some of the features of this litigation may be proper.

"The case, being ready for trial near the close of 1916, was set for trial early in the year of 1917. Prior to the time fixed for trial, this court permitted the defendant to have its bill dismissed, and entered a decree to that effect, imposing certain terms. The decree of this court was subsequently reversed by the Circuit Court of Appeals with respect to certain of the patents involved, and the bill was reinstated for further proceedings with respect to said patents, in conformity with the opinion of the Circuit Court of Appeals. Again the case was on the trial list in this court and fixed for trial on October 1, 1917. On that day the plaintiffs failed to appear, and thereupon counsel for the defendant presented to the court a form of decree which conformed with the mandate of the Circuit Court of Appeals, which disposed of subject-matter of the controversy between the parties, excepting the rights of plaintiffs under patent No. 621,324. In the absence of the plaintiffs when the case was called for trial, the solicitors for the defendant moved the court that the bill be dismissed at the cost of the plaintiffs, for want of prosecution, and thereupon the court made the following ruling:

" 'With respect to patent No. 621,324, the defendant appearing by its counsel, and the plaintiffs not appearing by counsel representing them, except by the local counsel required under the rules to be associated with foreign counsel, and motion having been made by the defendant that the bill be dismissed for want of prosecution, that motion must be sustained: but it not appearing that the principal counsel for the plaintiffs have had actual notice of the time fixed for the final hearing in this case, and it being questionable whether or not local counsel had actual notice thereof, this court, over objection by Mr. Frazer, who has been the local associate of the plaintiffs' principal counsel, does now dismiss the bill for want of prosecution, with leave to the plaintiffs at any time during the pending term to ask for a setting aside of this decree for proper cause shown.'

"To that ruling the defendant did not except. It may be noticed, also, that the defendant did not offer any testimony which would throw any light upon the merits of the controversy then existing between the parties. The term expired without anything being done on behalf of the plaintiffs or by the defendant. Subsequently, on January 3, 1918, as aforesaid, the defendant presented the following decree, which this court signed on the 3d day of January, as above stated:

" 'This cause having come on to be heard, upon consideration thereof, it was ordered, adjudged, and decreed as follows, viz.:

" 'That as to patents Nos. 680,842, 753,954, and 914,699 the bill is dismissed without prejudice to the rights of plaintiffs or either of them: Provided, however, that all depositions heretofore taken herein may be used in any pending or subsequent litigation between plaintiffs and defendant, or their privies;

" 'That as to patents Nos. 621,324 and 635,280 the bill of complaint is dismissed on the merits;

" 'And that defendant do recover its costs, to be taxed under the direction of the clerk, and have judgment and execution therefor against the plaintiffs.

" 'Pittsburgh, January 7, 1918.'

"That decree is not in conformity with the facts, inasmuch as it states that as to patents Nos. 621,324 and 635,280 the bill of complaint is dismissed on the merits. The merits of the controversy were not considered by the court. By the use of the expression 'merits of the controversy' is not meant the relative rights—moral, ethical, or pecuniary—between the parties, but merely the

'subject-matter of the litigation.' The subject-matter of the litigation as a matter of fact was not considered by the court at the time such decree was entered, and in that respect the decree was contrary to the fact. What operated upon the mind of the judge who entered the decree of the court was the insistence by the defendant's counsel in the language quoted: 'That the plaintiff should not be allowed to obtain by indirection that which he was not permitted to obtain by direction.' In explanation of that, it was urged that, because of the reversal by the Court of Appeals of the decree dismissing the bill at plaintiffs' own instance, therefore the plaintiffs, by staying away from the trial, ought not to be able to effect a dismissal of their bill for want of prosecution. The real effect of the words 'upon the merits,' in the decree, was not seriously considered, as they should have been, had the principal counsel for the plaintiffs been present.

"A number of questions are raised in this motion, which are unnecessary to be considered, the chief of which is whether the order entered at the trial was such a decree as should not be changed after the term at which it is entered. The real reason for setting aside the decree or order of January 7, 1918, is because it is contrary to the fact in stating that the bill as to patent No. 621,324 was dismissed upon the merits. In so far as that appears in the decree, the same must be set aside. No other decree ought to be entered than that in accordance with the proceeding had on October 1, 1917, upon plaintiffs' own motion to dismiss the bill for want of prosecution. In the absence of some evidence or other showing which could have been offered to enable the court to determine the case with respect to the subject-matter of the litigation, an order must be entered, vacating the decree entered in this cause on the 7th of January, 1918."

Three days later, on January 10, the matter was again brought to Judge Orr's attention by the plaintiffs' motion to vacate the decree of January 7; and this motion was granted on February 11 (when the foregoing opinion was filed), and was followed on March 11 by the entry of a new decree again dismissing the bill as to the first patent for want of prosecution. Thereupon the petition now before us was filed, praying for a mandamus to reinstate the decree of January 7, or (in the alternative) for a certiorari to bring up the record in order that the Court of Appeals might "fully review the matter set up in this petition, to wit, the setting aside of the decree of January 7, 1918." The company's grievance is the decree of March 11, and the ground of attack is because it substitutes a dismissal "for want of prosecution" for a dismissal "on the merits."

The facts recounted show a situation that has come to abound in decrees, but the substance of things is plain enough. Three of the five patents were taken out of the case by the decree of February 24, 1917, which left only the first and second patents as the subject of dispute. The contest between these was decided by this court on July 3, and thereafter the second patent also was removed. Only the first patent was left, and as to this the bill was reinstated; the result being that (except for our decision) the litigation on this patent was just where it was before the bill was dismissed in the preceding February. Some of the testimony concerning the first patent had already been taken by deposition, and apparently the parties were about to reach a trial on the merits. At all events, a date had been set for the hearing, and the defendant was on hand ready to proceed. But the plaintiffs did not offer to go on, and being therefore in default were bound to accept the consequences. We are not called upon to determine what courses were

open to the company; it is enough to take note of the course that was actually followed, namely, an election to have the bill dismissed "for want of prosecution." The company made a motion to this effect, and the court granted it, entering an order at once which declared that the court "*does now dismiss* this bill for want of prosecution." In our opinion the order then entered was a final decree; nothing more than it contained was needed to make it complete, and the company, having obtained precisely what it asked for, is bound by the course it chose. Davis v. Wakelee, 156 U. S. 680, 15 Sup. Ct. 555, 39 L. Ed. 578. We are not deciding what effect this decree of October 1 should have in any other proceeding; no such question is now presented, and we volunteer no opinion on that subject; we dispose of the pending controversy by holding that the company cannot now complain of a decree that was entered in exact accordance with its own motion.

The plaintiffs object to the pending petition on several other grounds, which we state in order that they may not seem to have been overlooked, namely: (1) That we have no authority to issue either of the writs prayed for, because neither is asked for in aid of our appellate jurisdiction; (2) that the exclusive remedy is an appeal from the decree of March 11; and (3) that under the circumstances the decree of October 1 could not be disturbed after the term expired on November 11, 1917. As to these objections, we shall only say, in order to clear up the situation as far as possible, that the District Court was right on March 11 in vacating the decree of January 7, but that no occasion then existed for entering a decree again dismissing the bill as to the first patent. The decree of October 1 had been in force from its date, and no additional order was necessary; and, whatever the scope of that decree may be, the company could not attack it after having obtained it precisely as it stands.

The petition for a mandamus, or for a certiorari, is refused.

⬟For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes