**FAIRBANKS, MORSE & CO. et al. v. AMERICAN VALVE & METER CO. et al. ***

**AMERICAN VALVE & METER CO. et al. v. FAIRBANKS, MORSE & CO. et al.**

(Circuit Court of Appeals, Seventh Circuit. December 22, 1926.)

Nos. 3776–3782.

1. Patents ⬿324(1)—Only such evidence as bears on accounting should be made part of record on appeal from decree on accounting in patent suit.

Master or lower court on accounting in patent suit should hear only such evidence as bore on accounting, and only such evidence should have been made part of record in case of appeal.

2. Patents ⬿324(5⅜)—Circuit Court of Appeals reviews patent accounting case de novo.

Circuit Court of Appeals hears patent accounting case de novo on appeal as a reviewing court, and not as a trial court.

*Certiorari granted 47 S. Ct. 770, 71 L. Ed. ——.

3. Patents ⬿324(1)—Record on appeal from patent accounting decree ordinarily consists of process, pleadings, report, and decree, unless evidence be incorporated as provided by rules (Supreme Court equity rule 75, cls. [a], [b]).

Ordinarily record in trial court consists of process, pleadings, report of master, and decree; but evidence may be made part of record, in accordance with equity rule 75, cl. (b), and incorporated in transcript in accordance with clause (a).

4. Patents ⬿324(1)—Litigants may not stipulate contents of record, except as permitted by rules (equity rule 77).

Except as provided in equity rule 77, litigants have no power to stipulate what record on appeal shall contain.

5. Patents ⬿324(1)—Transcript of record in patent accounting case held not in accordance with rules (equity rules 75 and 76).

Record in patent accounting case, consisting of various things for court's consideration under stipulation, and with stipulation for using evidence in other case, nearly 400 pages of testimony, most of it in question and answer form, held not in accordance with equity rules 75 and 76.

6. Courts ⬿356(9)—Question involving consideration of evidence cannot be reviewed, where transcript of record does not comply with rules (equity rules 75 and 76).

Where transcript of record is not in accordance with equity rules 75 and 76, no question involving consideration of evidence can be reviewed.

7. Patents ⬿324(1)—In absence of evidence, master's finding on profits in patent accounting suit cannot be reviewed.

Assignment of error to master's finding on profits in patent accounting suit cannot be considered, where evidence is not before court.

8. Patents ⬿318(5)—Interest held properly allowed on accounting from close of infringing period.

Interest from close of infringing period held properly allowed on accounting in patent suit.

9. Patents ⬿325(8)—Plaintiff in accounting on patent suit held not entitled to fees for accountant under circumstances.

Plaintiff in accounting on patent suit held not entitled to allowance for accountant, making separate statement of account differing materially from that of defendants, as to which there was reconciliation subsequently.

Alschuler, Circuit Judge, dissenting in part.

Appeals from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the American Valve & Meter Company and another against Fairbanks, Morse & Co. and another. From the decree, both parties separately appeal. Reversed and remanded, with directions.

Fred L. Chappell, of Kalamazoo, Mich., for appellants.

Frank A. Whiteley, of Minneapolis, Minn., for appellee.

Before ALSCHULER, EVANS, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. [1] This is an appeal from a decree upon an accounting in a patent suit. Only such evidence as bore upon that matter should have been heard by the master or the court below, and only such evidence should have been made part of the record "in case of appeal," and this only in the way the law prescribes.

[2-4] On appeal this court, in a sense, hears the case de novo, but it must not be forgotten that it hears it, not as a trial, but as a reviewing court. The case is heard here upon such parts of the record, made in the court below, as the parties deem necessary to review certain questions raised and decided there. The record in the trial court ordinarily consists of the process, pleadings, report of the master, if there be one, and the decree. The evidence is not of itself part of the record, but may be made so "in case of appeal" only in accordance with clause (b) of equity rule 75. When the evidence has been so made a part of the record in the court below, clause (a) of the rule provides how it may "be incorporated into the transcript on such appeal." Except as provided in equity rule 77, litigants have no power to stipulate what the record here shall contain.

[5] The so-called transcript of record on page 5, following the decree ordering the accounting and the master's order upon defendants to file an account under equity rule 63, shows this:

"I hereby approve and certify the attached stipulation and record as a full transcript of the necessary record in this cause and the statement of evidence therein as a full statement so far as necessary to review the said cause on appeal; and on motion and stipulation of counsel for the parties I further certify that in so far as the testimony is therein given by question and answer it was necessary to so state it for a proper and full understanding thereof."

This is signed by the District Judge. Then follows, without any means of identification with the recital of the trial judge, a "stipulation as to contents of record." Under this caption this appears: "It is stipulated and agreed by and between counsel for the respective parties hereto that the printed record shall comprise and include the following matters hereto attached and made a part

hereof, and none other, to wit," and then follow, under many headings, the various things which they desire to be in the record for this court's consideration. These take a wide range and include the opinion of the trial court (which should be brought here under our own rule No. 14), the evidence taken in another case, certain proceedings in contempt, and divers immaterial matters too numerous to mention.

Near its close, this stipulation reads: "It is stipulated that the record on the former appeal in this cause be considered and taken as part of the record upon this appeal and cross-appeal and that an order may be entered to that effect." This is indorsed "O. K." by the trial judge. Following this stipulation the transcript proceeds with the title of another case in the District Court, No. 1191 in equity, and immediately under the title appears a stipulation that the evidence in equity No. 400 below (the instant suit) should be used with the same force and effect as if taken therein—i. e., in 1191. Then follows, under the head of "stipulated testimony from Court of Appeals record in equity 400," nearly 400 pages of testimony which apparently had been introduced in the main case, some in narrative form, but most of it in full, in question and answer form. Sometimes at the top of the printed page appears "evidence before master"; at other times at the top of the page is "testimony of (the witness, naming him)," all of it appearing as introduced under one or more of the numerous stipulations mentioned. Then comes a proceeding in contempt, with affidavits, exhibits, photographs, and letters, all in such situation as to make exceedingly difficult, if not impossible, the search for a few grains of wheat in a bushel of chaff.

[6] Such practice is not only not in accordance with the rules, but is directly in the teeth of rules 75 and 76, one of which says how it shall be done, and the other how it shall not be done. There is no showing of any attempt to make the evidence part of the record below, so that it might be used on appeal, as the rules require. On the contrary, there appears an attempt to avoid compliance with the rules by stipulating around them. The volume of 568 printed pages, called transcript of record in this case, shows what comes of ignoring salutary rules of practice. The evidence is not before us, and no question can be reviewed that requires its consideration.

The appellants, defendants, urge three objections against the money decree: (a) That the amount of profits found and allowed is too large; (b) that interest was allowed on this

sum from the end of the infringing period instead of from the date of the master's report; and (c) that the allowance of the fees of expert accountants employed and paid by plaintiffs was unwarranted.

[7] The master found the profits to be $60,-299.27. The evidence not being before us we cannot consider the assignments of error questioning this amount or the means of reaching it.

[8] The allowance of interest from the close of the infringing period, amounting to $23,-684.22, is in accordance with the rulings of this court. Superior Machine Tool Co. v. Cincinnati Lathe & Tool Co. (C. C. A.) 284 F. 267.

[9] As to the accountants' fees, the master in his report states the facts as follows:

"The plaintiff, American Valve & Meter Company, paid out $12,606.74 to J. W. R. Bradford & Co., certified public accountants, for services rendered in examining the books and records of the Fairbanks Company and making the account, Plaintiff's Exhibit 5, and asks that it be reimbursed in this accounting for the amount so paid out.

"When the defendants filed their statements of account, both of which showed small profits, it became the duty of the plaintiff to accept them or reject them. To intelligently reach a conclusion as to the course to pursue it was necessary to examine the statements and the books upon which they were based, and with a view to test the accuracy of the accounts and the theories upon which they were stated plaintiffs called the auditors of both defendants as witnesses and examined them as to the method used in making up the statements. In explaining the manner in which the Fairbanks books were kept a sample sales sheet was produced. It developed that an item on this sheet pertaining to No. 11 Sheffield standpipes could not be located in the statement of account. In view of this situation counsel for plaintiff requested an opportunity to examine the books of the defendant companies, the request was granted, and officers of the plaintiff company together with the accounting spent about a week examining the sales binders of Fairbanks. They found further discrepancies and decided that it would be advisable to have the Bradford Company make up a separate statement of account. That company proceeded to do the work and their results are shown in the report, Plaintiff's Exhibit 5, that differs materially from defendants' statements. Plaintiff proceeded with further testimony until its case was closed. The defendant introduced its testimony without reference to the differences existing between their statements of account and the Bradford statement, but, as already stated above, a reconciliation was made later along.

"While the reconciliation cleared up many of the differences between the reports this is due to the fact that it was made by the bookkeepers and accountants of both sides working together. The errors found were in the main errors that crept into the details of bookkeeping and the plaintiffs' accountants had no way of determining their nature. The master is of the opinion that the situation in which plaintiffs found themselves justified them in employing accountants to do the work and that the amount paid is a fair and reasonable amount for the work done."

Upon this state of facts the court allowed the sum paid the accountants. It is sought to uphold this ruling upon the authority of two cases, Computing Scale Co. v. Toledo Computing Scale Co. (C. C. A.) 279 F. 648, and Flat Slab Patents Co. v. Turner (C. C. A.) 285 F. 257. An examination of these cases will show that the circumstances under which the courts say such allowances may be made are very different from those set forth by the master. This sum should have been disallowed.

Reversed and remanded, with direction to enter a decree for plaintiff for the profits found, with interest from the close of the infringing period to the date of the decree, and costs. Each party shall pay its costs on this appeal.

ALSCHULER, Circuit Judge (dissenting in part). In so far as the questions raised on the accounting require consideration of the evidence, I cannot concur in disregarding it because equity rule 75 has not been complied with. In R. W. Clark Mfg. Co. v. Tablet & Ticket Co. (No. 3740), are stated my reasons.[1]

---

[1] The reference in the dissenting opinion to the Clark Case was to an unpublished opinion therein and dissent thereto, all of which were withdrawn upon the granting of a petition for rehearing and the subsequent filing of another opinion therein.