## NATIONAL BRAKE & ELECTRIC CO. v. CHRISTENSEN et al.

## CHRISTENSEN et al. v. NATIONAL BRAKE & ELECTRIC CO.

### Nos. 4258, 4259.

Circuit Court of Appeals, Seventh Circuit.
February 26, 1930.

As Modified on Denial of Rehearing April 28, 1930.

Charles A. Brown, of Chicago, Ill., and Paul Synnestvedt, of Philadelphia, Pa., for appellants.

Louis Quarles, of Milwaukee, Wis., and Newton D. Baker, of Cleveland, Ohio, and William R. Rummler, of Chicago, Ill., for appellee.

Before EVANS, PAGE, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Cross-appeals have been taken from a final decree which awarded Christensen et al. the sum of $105,756.88 together with interest thereon from the date of the report of the master. The plaintiffs in the court below will be here called appellants, while the defendant in the lower court will be here called appellee.

The suit has long been before the courts, and numerous opinions have been written respecting various contentions raised by appellee. See National Brake & Electric Co. v. Christenson (C. C. A.) 229 F. 564; Id., 241 U. S. 659, 36 S. Ct. 447, 60 L. Ed. 1225; Id. (C. C. A.) 258 F. 880; Id., 250 U. S. 638, 39 S. Ct. 495; 63 L. Ed. 1184; Id., 254 U. S. 425, 41 S. Ct. 154, 65 L. Ed. 341; Id. (C. C. A.) 278 F. 490; Id. (D. C.) 10 F.(2d) 856; Id. (D. C.) 18 F.(2d) 981.

Appellants' patent has been consistently sustained in the District and this court. The final decree from which appellee has appealed was predicated upon the report of a master who made findings both on the theory of profits and of damages sustained. The latter being the larger amount, the decree was for the sum found to be appellants' damages. Appellee attacks the decree on two grounds: (a) That no recovery against it should have been granted because of a decree in a suit brought in the Third Circuit and which was decided adversely to appellants. This decree, appellee argues, is a bar to any recovery herein. (b) It further contends that even though appellants be entitled to recover, the amount awarded them was in excess of the damages by them sustained.

Appellants contend that numerous items should be added to their award of damages if damages be the basis of recovery, and that if recoverable profits be the basis of recovery, two or three items should be radically changed, which would materially enlarge their recovery.

Appellee's first point must be separately considered; otherwise the assignments of error on both appeals dealing with the same ruling will be considered together.

To better ascertain the extent and nature of the holding of the court in the decree which is presented as a bar to any recovery in this court, reference is made to Christensen v. Westinghouse Traction Brake Co. (D. C.) 235 F. 898; Id. (C. C. A.) 243 F. 901, and Westinghouse Traction Brake Co. v. Orr (C. C. A.) 252 F. 392. On a previous hearing, National Brake & Electric Co. v. Christenson, 278 F. 490, this court considered the effect of the decree of the District Court of Pennsylvania and disposed of the application adversely to appellees. That ruling on that issue thereupon became the law of the case.

The institution of appellee's proceedings to secure a modification of the original mandate of this court is conclusive proof of the necessity of the proceedings which resulted adversely to appellee in this last cited decision.

If, however, there had been no decision of this court upon this question, we would have no hesitancy in reaching the same conclusion as was expressed in 278 F. 490. We are satisfied there was no final decree on the merits entered in the Pennsylvania court which disposed of the patent upon which appellants rely in this suit. The parties in the two suits were not the same, and their relationship was not so disclosed as to make the decrees in the Pennsylvania case binding here. We therefore conclude that the decree in the District Court of Pennsylvania was not a bar to the successful prosecution of the instant suit.

*Damages.* Appellee's criticism of the court's award. It is contended that the award based upon computations which allowed appellants 5 per cent. royalty is excessive. This criticism is, in part, directed to the evidence which showed express royalties less than this amount. It is also argued that the invention was an extremely narrow one, of small consequence, and would have been of no practical value had appellee not brought its engineering and mechanical skill to its aid and made it a saleable, workable product. The royalty finding of 5 per cent. (except for parts) apparently was always considered by those who secured licenses from appellants as a reasonable one. Not only did the appellant Allis-Chalmers Company pay such a royalty, but appellants' predecessors paid such a royalty. There is evidence to justify the conclusion that this license by appellants' predecessor was considered a most valuable one and because of this license of the Christensen patent. True, there appeared other provisions in each of the license agreements, and rather persuasive arguments are made, on the one hand to the effect that the patent in suit furnished only part of the consideration for the fixation of the 5 per cent. royalty and on the other hand, that the patent in suit was carrying a heavy load in securing the insertion in the license agreement of other less valuable patents for which 5 per cent. was an excessive royalty. Under all the circumstances, in view of the master's finding, his unusual opportunity to familiarize himself with the nature of the business and the value of the patent, the fact that the District Court approved of the finding, the 5 per cent. royalty basis will not be disturbed.

The confirmation of the 5 per cent. royalty as the basis of computation in determining damages disposes of the second group of errors assigned by appellee.

Appellants argue that they should have been allowed interest upon the total amount allowed them as damages from a date that went back some 21 years beyond the date of the master's report. The facts are hardly in dispute. The extent of appellee's business in the infringing product each year is disclosed with definiteness and certainty. Herewith are the figures found by the master:

| Fiscal Periods | Gross Sales Exclusive of Parts |
|---|---|
| 12-1-06 to 7-31-07 | $ 254,821.77 |
| Yr. ending 7-31-08 | 163,464.72 |
| 7-31-09 | 224,163.04 |
| 7-31-10 | 193,949.89 |
| 7-31-11 | 234,250.26 |
| 7-31-12 | 248,794.54 |
| 7-31-13 | 271,897.61 |
| 7-31-14 | 380,539.82 |
| 7-31-15 | 108,568.04 |
| 8-1-15 to 3-21-16 | 34,687.89 |
| Totals | $2,115,137.58 |

The rulings of this and other courts leave little to be said on the subject of interest on damage in suits such as this. Goodrich Co.

v. Consolidated Rubber Tire Co. (C. C. A.) 251 F. 617; Malleable Iron Range Co. v. Lee (C. C. A.) 263 F. 896; Merrell Soule Co. v. Powdered Milk Co. (C. C. A.) 7 F.(2d) 297; Fairbanks, Morse & Co. v. Am. Valve & Metal Co. (C. C. A.) 18 F.(2d) 716; Superior Machine Tool Co. v. Cincinnati, L. & T. Co. (C. C. A.) 284 F. 267; Walker on Patents (5th Ed.) § 571; 8 R. C. L. 533; Parker Rust Proof Co. v. Ford Motor Co. (D. C.) 23 F.(2d) 502; Wrigley, Jr., Co. v. L. P. Larson, Jr., Co. (C. C. A.) 20 F.(2d) 830.

Appellee's infringement began about December 1, 1906, and continued until March 1, 1916. The court allowed interest from January 11, 1928.

To make the damaged party whole must be the object of the court in this, as in all other similar suits, where a money judgment or decree is the only remedy obtainable. This denial of interest for a period ranging from 10 to 20 years seems, on its face, unreasonable and unfair.

Appellants' damages are capable of estimation with reasonable certainty. The situation is unlike that presented to this court in Wrigley v. Larson, 20 F.(2d) 830; but rather appeals to us as one which calls for the allowance of interest from the date of the infringement. If, in any suit of this kind, appellants' damages are measurable by the amount it has lost through appellee's failure to buy a license when it should have bought one, then to properly include all their damages, interest should be included from the time the license should have been purchased. Partly because of convenience, and largely because the master's report is so drawn, interest will be allowed on total infringements established as of July 31st each year at the rate of 6 per cent., the legal rate in Wisconsin.

*Exemplary Damages.* Appellants argue that they should have been allowed a substantial sum as exemplary damages. While there is evidence sufficient to support such an allowance, we find other evidence which supports the action of the court in disallowing this claim. We are not satisfied that appellants' case is strong enough to justify our disturbing the district court's ruling.

 *Fees of Accountant.* The court refused to allow the fees of appellants' accountants who were employed to analyze, confirm, or disprove the reports submitted by appellee. The ruling of the District Court is sustained. Wrigley v. Larson, supra; Standard Scale & Supply Co. v. Cropp Concrete Mach. Co. (C. C. A.) 6 F.(2d) 447.

 *Contributory Infringements.* Appellants argue that the court should have included damages for so-called repair parts manufactured by appellee and sold for use by infringers during the infringement period. The master allowed this item and fixed the royalty at 10 per cent. The aggregate sales of these so-called parts totaled $229,352.92. The District Court refused to include this item for reasons set forth in the opinion, 18 F.(2d) 981.

In manufacturing and supplying parts to users of the infringing mechanism, appellee was jointly liable with the user. Thompson-Houston Electric Co. v. Ohio Brass Co. et al. (C. C. A.) 80 F. 712; Bullock Electric Co. v. Westinghouse Electric Co. (C. C. A.) 129 F. 105. While appellants could have proceeded against the users, they were not required so to do. They were entitled to recover in this one suit all the damages they sustained by reason of the appellee's infringements of their patent. The evidence justified the master's finding that appellee acted as a contributory infringer when it manufactured and sold these parts for use by infringers of the patented combination. Likewise the evidence supports the finding that a 10 per cent. royalty was a fair and reasonable allowance. Interest should be included from the dates and at the rate heretofore fixed in this opinion as recoverable damages.

*Profits.* No separate consideration of appellants' assignments of error dealing with profits will be undertaken. It is unnecessary because the increased amount of damages herein awarded exceeds the recoverable profits on any theory submitted by appellants which we can accept. Any discussion of these assignments would therefore be idle.

Instead of remanding this case with directions to enter a decree in accordance with the views here expressed, the necessary computations have been made and the added amounts included. Interest has been figured to January 3, 1929, which is the date of the decree in the District Court, and which decree will be modified and affirmed in this court.

On the appeal of the National Brake & Electric Company (4258), the decree is affirmed. On the appeal of Niels A. Christensen et al. (4259), the decree is modified by inserting the sum of $260,750 instead of $111,961.28, and as modified, it is affirmed. Appellants Niels A. Christensen et al. shall recover their costs on both appeals.