## DOW PUMP & DIESEL ENGINE CO. et al. v. WILSON–SNYDER MANUFACTURING CORPORATION.

### No. 2595.

District Court, W. D. Pennsylvania.
June 3, 1932.

Green & McCallister and Edgar W. McCallister, both of Pittsburgh, Pa., and Charles E. Townsend and William A. Loftus, both of San Francisco, Cal., for plaintiffs.

Byrnes, Stebbins, Parmelee & Blenko, of Pittsburgh, Pa., for defendant.

GIBSON, District Judge.

Plaintiffs' bill alleges infringement of their patent by the defendant. The defendant has answered the bill, and, pursuant to authority claimed under equity rule 30 (28 USCA § 723), has set out as a set-off or counterclaim an alleged infringement by Dow Pump & Diesel Engine Company, one of the plaintiffs, of a patent owned by the defendant. The plaintiffs have moved to dismiss the counterclaim, the reasons assigned being: (1) That the cause of action set up in the counterclaim did not arise out of the transaction which is the subject-matter of the

suit; (2) that the plaintiffs are not residents of this district and have not a regular and established place of business therein, and that therefore this court does not have jurisdiction to entertain the counterclaim; and (3) that the patent alleged in the counterclaim to have been infringed by the Dow Pump & Diesel Engine Company was not owned by defendant at the time the plaintiffs' bill was filed.

The second paragraph of equity rule 30, under which the defendant claims the right to have the alleged infringement of its patent adjudicated in the instant suit, is as follows: "The answer must state in short and simple form any counter-claim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such a set-off or counter-claim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims."

An interpretation of equity rule 30 is a matter upon which the federal courts have not been in agreement. In number and authority, opinions as to its proper interpretation are about equally divided. Some courts have held that the rule permits a defendant to assert a cause of action unconnected with the transaction which is the subject-matter of the plaintiff's bill. Others have held that the rule was not intended to make so drastic a change in equity practice and procedure as would be made by such an interpretation, and have held that the language of the rule applies only to a counter-claim proper, viz., to such as could properly be set up by cross-bill, the subject-matter of which grows out of, and the relief sought obtains upon, the subject-matter of the plaintiff's bill. A number of cases wherein the conflicting interpretations are given are set out in Ohio Brass Co. v. Hartman Electrical Mfg. Co. (D. C.) 243 F. 629.

This question was before Judge Thomson of this court in Christensen v. Westinghouse Traction Brake Co., 235 F. 898. That case has dictated the policy in this district since it was handed down, and we, being in agreement with the opinion rendered therein, our order in the present case is based upon its conclusions.

The plaintiffs' motion to strike out defendant's counterclaim, based upon the alleged infringement of letters patent No. 1,836,776, will be allowed.