## KRYPTOK CO. v. HAUSSMANN & CO.

(District Court, E. D. Pennsylvania. August 12, 1914.)

### No. 587.

1. DISMISSAL AND NONSUIT (§ 60*)—GROUNDS—WANT OF PROSECUTION.

Pending a suit for infringement of a patent against a manufacturer, plaintiff brought suit against a dealer, who was a customer of the manufacturer, on November 17, 1910. On February 27, 1911, he was restrained from proceeding against any of the manufacturer's customers. This restraining order was reversed on October 16, 1911, but the suit was not finally determined in plaintiff's favor until May 4, 1914. *Held*, that a motion made on June 18, 1914, to dismiss the suit against the dealer for want of prosecution, should be denied.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 140–152; Dec. Dig. § 60.*]

2. EQUITY (§§ 272, 296*) — SUPPLEMENTAL PLEADING — MATTERS OCCURRING SUBSEQUENT TO FILING OF BILL.

Where matters, sought to be brought into the pleadings, have occurred since the filing of the original bill, they must be brought in by supplemental bill and not by amendment.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 564, 584–586, 599; Dec. Dig. §§ 272, 296.*]

3. EQUITY (§ 296*)—SUPPLEMENTAL PLEADING—MATTERS OCCURRING SUBSEQUENT TO FILING OF BILL.

Where plaintiff has no cause of action when his bill is filed, he cannot cure the defect by bringing in subsequent matters constituting a good cause of action by a supplemental bill, but may bring in matters not going to the existence of an original cause of action, but to a confirmation of it from which certain incidental rights flow.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 584–586, 599; Dec. Dig. § 296.*]

Suit by the Kryptok Company against Haussmann & Co. On motion by defendant to dismiss bill for want of prosecution and petition by plaintiff for leave to file a supplemental bill. Motion to dismiss disallowed, and permission to file and serve supplemental bill granted.

See, also, 216 Fed. 196.

Horace Pettit, of Philadelphia, Pa., and Victor D. Borst and Wm. H. Kenyon, both of New York City, for plaintiff.

Wm. C. Schwebel and I. S. Prenner, both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. Before the actual awarding of the writ of injunction preliminary until hearing in the above case, the attention of the court has been called to the fact that no formal disposition has been made of either the motion to dismiss the bill or the application to file a supplemental bill which were discussed and considered with the motions for the preliminary injunction in the above case and a similar motion in the case of the same plaintiff against another defendant.

Preliminary injunctions were awarded because the prima facie right thereto of the plaintiff could not be denied without nullifying the rulings made in its favor by the courts of both this and the Second Circuit.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This disposed of the question here involved except the formal disposition of the motion to dismiss and the petition for leave to file a supplemental bill.

[1] The special facts bearing upon this phase of the case are these: The plaintiff filed its original bill November 17, 1910. The defendant in this case is a dealer. There was pending at the time a proceeding against another defendant in another jurisdiction for a like infringement. This latter defendant was a manufacturer and was charged with making lenses, the sole right to manufacture which was claimed by the plaintiff. An interlocutory order was applied for and granted in this last-mentioned suit on February 27, 1911, restraining the plaintiff from proceeding against any of the customers of the said manufacturer of lenses, of whom the defendant in the case before us was one. This order was reversed by the Circuit Court of Appeals for the Eighth Circuit on October 16, 1911; but the said case against the manufacturer was not finally determined in favor of the plaintiff until May 4, 1914. Another case against another manufacturer had also been instituted by the plaintiff in still another jurisdiction in which the same defenses here set up were introduced. A preliminary injunction was finally granted to the plaintiff on May 25, 1914.

[2, 3] On June 18, 1914, the plaintiff gave notice of the application now before us, and this was followed on June 27, 1914, by the pending motion to dismiss. It is evident that leave to file the supplemental bill should be given, and the motion to dismiss be disallowed, unless there is some technical obstacle in the way calling for a different ruling. As the matters sought to be brought into the pleadings have occurred since the filing of the original bill, they cannot be brought in by amendment, but must be by supplemental bill. If a plaintiff be without a cause of action at the time of the filing of his bill, he is not helped, in the sense of having his action continued, by bringing in subsequent matters which constitute a good cause of action but which are sought to be brought in after answer filed. A fortiori he would not be entitled to a preliminary injunction in the same suit. The legal effect, however, of the matters sought to be introduced here does not go to the existence of an original cause of action but to a confirmation of it, out of or from which, as a matter of practice, the allowance of certain incidental rights flow.

Rule 34 was adopted to meet just such a contingency, and is directly applicable in the present case.

The motion of defendant to dismiss plaintiff's bill is disallowed. Permission to file and serve its supplemental bill as applied for is granted to plaintiff; the notice of such application being found to be reasonable. Orders to this effect and a decree allowing the writ of preliminary injunction are filed herewith.