## PILSEN PRODUCTS CO. et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. July 19, 1924. Rehearing Denied November 3, 1924.)

### No. 3411.

**1. Intoxicating liquors ⬤⟳262—Brewery could be closed as nuisance, though indictments involving same offense were pending.**

Defendants' brewery could be closed as a nuisance for violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), though indictments were pending against them for the same offenses.

**2. Intoxicating liquors ⬤⟳274 — Allowance of amendment, alleging similar violation of Prohibition Act after filing of bill, held not error.**

In proceeding to close brewery as a nuisance for violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), allowance of amendment to bill alleging violation of Prohibition Act, after filing of bill, similar to that originally charged, and admission of evidence thereunder, *held* not error; effect thereof being merely to show a continuation of the nuisance.

**3. Intoxicating liquors ⬤⟳275—Evidence held to sustain finding in abatement proceeding that nuisance would be continued, if opportunity permitted.**

In proceedings to close brewery as nuisance for violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), evidence as to sale of real beer *held* to sustain finding that nuisance would be continued, if opportunity permitted.

**4. Intoxicating liquors ⬤⟳274 — Failure to charge operation of brewery without permit held immaterial, in proceeding to close brewery as nuisance.**

Where acts constituting a nuisance under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) were charged and proved in proceeding to close brewery as nuisance, failure to charge operation without permit was immaterial.

**5. Intoxicating liquors ⬤⟳278—Denial of petition to reopen brewery closed as nuisance held warranted.**

Where petition to reopen brewery, which had operated without a permit and had been closed as a nuisance for violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq), merely offered to pay all fines, costs, and damages for any violation, and did not state that premises would be put to different use, and where record in abatement proceeding warranted finding that nuisance would be continued if opportunity permitted, denial thereof would not have been abuse of discretion.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Proceeding by the United States against the Pilsen Products Company and others. From a decree closing defendants' brewery as a nuisance for violation of the National Prohibition Act, defendants appeal. Affirmed.

Elwood G. Godman and Emil C. Wetten, both of Chicago, Ill., for appellants.

Jacob I. Grossman, of Chicago, Ill., for the United States.

Before EVAN A. EVANS and PAGE, Circuit Judges, and FITZHENRY, District Judge.

PAGE, Circuit Judge. This is an appeal from a decree closing appellants' brewery as a nuisance, for violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

[1] 1. It is urged that there should be no decree in abatement, because "the remedy at law is adequate and has not been exhausted." From the whole argument, this seems not to be seriously insisted on. It is also urged that there are pending indictments against defendants involving the same offenses, and that the decree in this case will be prejudicial in the trial under the indictments. Even though that might result, it would not indicate any abuse of process, as urged, and the authorities cited as to what constitutes an unreasonable search and seizure are not applicable here.

[2] 2. Complaint is made of the amendment to the bill, alleging a violation of the Prohibition Act after the filing of the bill, but of the same kind of violation as alleged in the bill. It merely showed a continuation of the nuisance, and there was no error in allowing the amendment or the admission of evidence thereunder. Authorities cited by defendants support the practice on the facts here: Kryptok Co. v. Haussmann & Co. (D. C.) 216 F. 267; Foster's Federal Practice (6th Ed.) vol. 2, p. 1176, § 212.

[3] 3. We are of opinion that there is an abundance of evidence to support the specific incidents stated in the bill, and also that there was evidence to justify a belief in the mind of the court that the nuisance would be continued if opportunity permitted. If the facts claimed by defendants were true, it would seem that there were many witnesses who might have thrown much light on them. Work was done about the brewery at night. The brewmaster, engineer, firemen, kegwashers, watchmen, clerks, etc., were there at times. None were called by defendants, except the following: Cervenka, the president, who knew nothing about the incidents charged; Spinka, the brewmaster, who knew only a part of the facts pertaining to one incident; Barney Grogan, who, as he claims, was not connected with the brewery, but was there during one of the visits of the government agents; and McGuire, who was caught coming from the premises of defendants with a load of real beer. McGuire told such a story upon the witness stand that the court held him to the grand jury for perjury. Spinka produced a carefully kept record of the near beer, but none of the amount of real beer made. It is practically admitted that two one-fourth barrels of real beer went from the brewery in the automobile of a stockholder to his soft-drink parlor, but it is claimed that they were kegs put away in the cellar by the brewmaster for experimental purposes, and were given out by the watchman without authority, and that there were no other one-fourth barrels there or in use. The watchman was not called as a witness, nor was the stockholder, nor the stockholder's son, who hauled the beer away, although they knew the facts. Cervenka, the president, testified they did sell beer in one-fourth barrels. Grogan went on McGuire's bond, and his attorney appeared for McGuire, without McGuire quite knowing why.

While the brewmaster and Cervenka made general denial of any knowledge of violations by sale of real beer, there is evidence that Cervenka was not there much of the time, and that Spinka had little personal knowledge of the racking off, or barreling, of the beer. The vats of real beer and of near beer were in the same cellar, and either real beer or near beer could be racked off by the simple process of shifting one end of a hose from one vat to another. Defendants seem to have paid no attention to the fact that their permit to operate a dealcoholizing plant was revoked in September, 1922, but they proceeded as usual, and the evidence shows an incident occurring on September 6, 1923, which would have constituted a violation if they had had a permit. It is urged that the act of revocation by the Commissioner was appealable. That is true, but defendants operated until closed by injunction, and have not up to this time, so far as appears, shown any desire to appeal.

[4] 4. Much argument is made upon the claim that the bill does not charge operation without a permit, and that operating without a permit does not constitute a nuisance. Failure to make the charge and the question as to whether the operation without a permit was a violation under the statute are both immaterial here. There were both charges and proof of acts constituting a nuisance under the statute.

5. Complaint is made that petition to open and offer to give bond as required by the statute was improperly denied by the court. If the petition was denied we are unable to find it in the record. The decree was entered March 3, 1924. On March 12, 1924, leave was granted defendants to file objections to the decree. Then follows: "The court being fully advised in the premises, it is ordered that said objections be and they are hereby overruled. * * * Thereupon the defendants move the court to modify said decree, which motion is heard and overruled."

[5] Following the above order, which makes no reference to any petition to reopen, is such a petition. It is just the usual petition to open. There is nothing said about a use different from that for which the premises had been used, namely, making beverages, and which appears to have been the purpose for which it was designed and adapted. There is an offer to pay all fines, costs and damages for any violation of title 2 of the National Prohibition Act. The fair presumption is that defendants desired to proceed with the use of the premises as before. Whether the petition was passed on or not we deem immaterial. It would not have been an abuse of discretion to deny de-

fendants the right to open under such a petition, in view of the record against them, and in view of the fact that they had no permit, but persisted in operating without one.

6. What we have said in Peter Hand Co. v. U. S., 2 F.(2d) 449, rendered this date, with reference to the duties resting on those procuring permits, and upon one of the constitutional questions there urged, which is the same question raised here, are applicable here, and it is unnecessary to repeat those discussions.

Other assignments are not deemed of importance.

The decree is affirmed.