TERRY STEAM TURBINE CO. v. B. F. STURTEVANT CO.

(District Court, D. Massachusetts.   March 15, 1913.)

No. 319.

PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—"COUNTERCLAIM"—CONSTRUCTION OF RULE.

The provision of rule 30 of the new rules in equity (198 Fed. xxvi, 115 C. C. A. xxvi) that an answer "may without cross-bill set out any * * * counterclaim against the plaintiff which might be the subject of an independent suit in equity against him," applies only to a counterclaim proper, arising out of the transaction which is the subject-matter of the suit, as described in the words immediately preceding, and a defendant in an infringement suit cannot set up as a counterclaim in his answer a cause of action for infringement by plaintiff of a different patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*

For other definitions, see Words and Phrases, vol. 2, pp. 1645–1650; vol. 8, pp. 7620, 7621.]

In Equity.   Suit by the Terry Steam Turbine Company against the B. F. Sturtevant Company.   On motion by defendant for leave to file supplemental answer.   Denied.

John P. Bartlett and Bartlett, Brownell & Mitchell, all of New York City, for complainant.

Benjamin Phillips and Horace Van Everen, both of Boston, Mass., for defendant.

DODGE, Circuit Judge.   The plaintiff's bill charges the defendant with infringement of United States patents 741,385 and 793,857, to Edward C. Terry, both for improvements in steam turbines.   It asks for an injunction and an account.   It was filed March 4, 1912.   The case was at issue in June, 1912.   The plaintiff's testimony has been taken, the defendant's is not yet completed.   There have been no orders of court limiting the time for taking testimony on either side.

The new equity rules of the Supreme Court having gone into effect, the defendant now asks leave to file a supplemental answer, which is to charge the plaintiff with infringing United States patent 748,678, to Herman Wolke, for an improvement in turbines, and which is to ask for an injunction against the plaintiff and an account.   The defendant contends that this is "a counterclaim against the plaintiff which might be the subject of an independent suit in equity" against it, and which may therefore be set out in its answer, to be heard and determined as a cross-suit under rule 30 of the new rules.   198 Fed. xxvi, 115 C. C. A. xxvi.

In its original answer, filed June 3, 1912, the defendant set up the Wolke patent as an anticipation of the Terry patents whereon the plaintiff sued, and alleged also, under Rev. Stats. 4920 (U. S. Comp. St. 1901, p. 3394), that Terry had surreptitiously or unjustly obtained his patents for that which was in fact invented by Wolke, who was using reasonable diligence in adapting and perfecting the same.   No

other connection appears between the subject-matter of the plaintiff's suit and that which the defendant seeks to institute against the plaintiff.

If the defendant has, under these circumstances, what may be properly described as a counterclaim against the plaintiff, which he might have set up in his original answer under rule 30, the court has discretionary power, under rule 34 of the new rules (198 Fed. xxviii, 115 C. C. A. xxviii), to let him set it up in a supplemental answer. Either party may be allowed under rule 34 thus to allege material facts occurring after his former pleadings, and the defendant's proposed supplemental answer alleges that it has acquired the Wolke patent since its original answer was filed. The first question is, however, whether or not the proposed supplemental answer states a "counterclaim" within the meaning of rule 30.

The material part of this rule is as follows:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross claims."

The defendant does not and could not say that its claim for infringement of the Wolke patent is a "set-off" in equity against the plaintiff's claim for infringement of the Terry patents. While set-offs in equity need not necessarily arise out of the same transaction, they are allowed only upon mutual contract debts between the parties, in the same right, and, generally speaking, the demands must be liquidated. When unliquidated demands are allowed to be set off, it is for special equitable reasons, as the insolvency or nonresidence of the opposing claimant. See North Chicago, etc., Co. v. St. Louis, etc., Co., 152 U. S. 596, 615–617, 14 Sup. Ct. 710, 38 L. Ed. 565. No authority is found for the proposition that a. claim arising from a tort may be an equitable set-off. Both claims here in question arise from torts; neither is primarily a claim for damages, still less for liquidated damages, but each is primarily for an injunction; an accounting for profits and damages being sought as incidental relief.

The defendant's allegation is that it has a counterclaim against the plaintiff's demand. But since it cannot contend that its so-called counterclaim arises out of the transaction which is the subject-matter of the suit, so as to come within the first clause of the above-quoted paragraph of rule 30, it is obliged to rely entirely on the following words:

"And may, without cross-claim, set out any set-off or counterclaim which might be the subject of an independent suit," etc.,

and to contend that by these words any cross-claim, even though it has no connection whatever with the plaintiff's cause of action, is permitted to be set up in the original suit.

The following considerations prevent me from believing that the rule is to be thus understood:

In the first place, the main purpose which the quoted part of rule 30 was intended to accomplish is evident. It is to dispense with cross-

bills, by requiring everything previously done by cross-bill to be thereafter done by answer only. The provision is, not that a defendant may set up any cross-claim whatever against the plaintiff, provided only that it might be the subject of an independent bill, but that any set-off or counterclaim answering that description may be so set up. The cross-claim, in other words, if not maintainable as a set-off in equity, must be of such a nature as to constitute a proper counterclaim in equity. The defendant's construction requires the assumption that "counterclaim" has two meanings in the rule—one limited expressly by the words "arising out of the transaction which is the subject-matter of the suit"; the other not thus limited, but including any cross-claim whatever, without regard to such connection. In provisions manifestly framed for the main purpose above considered evident, it is difficult to suppose that "counterclaim" can be intended in two different senses.

Further, to use "counterclaim" in the sense contended for by the defendant is to give the term a meaning so much broader than that in which it has heretofore been understood as to make it difficult to suppose that such a change in procedure has been left to be gathered from provisions apparently framed for a different purpose, instead of being expressly and plainly declared.

The terms "counterclaim" and "set-off" have often been used interchangeably; but since rule 30 uses both, it must mean by "counterclaim" any claim, not such as to constitute a set-off, which, in equity, a defendant might assert against the plaintiff, in the same suit. As will hardly be disputed, the rule has been that no cross-claim can be thus asserted, unless its subject-matter grows out of, and the relief sought depends upon, the subject-matter of the plaintiff's bill. These conditions existing, whether the cross-claim be in tort or contract, and whether for liquidated or unliquidated damages, the defendant may obtain affirmative relief against the plaintiff in the same suit; or, in the words of rule 30, the court can pronounce a final judgment in the same suit both on the original and cross claims. Cross-claims of this kind only have been what are recognized as "counterclaims" in equity. The term appears to have come into general use through the Codes of Procedure adopted in many states. In them, speaking generally, "counterclaim" is expressly defined as a cross-claim of the kind above described. See section 501 of the New York Code, which uses "counterclaim" to include "set-off" and thus defines it:

"1. A cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2. In an action on contract, any other cause of action on contract, existing at the commencement of the action."

To make "counterclaim" include all cross-claims upon which the defendant might sue the plaintiff in equity, even if having no connection, however remote, with the plaintiff's cause of action, is to permit two original bills in the same suit, which is certainly in violation of well-settled principles. See Stuart v. Hayden, 72 Fed. 402, 410, 18 C. C. A. 618; Id., 169 U. S. 1, 18 Sup. Ct. 274, 42 L. Ed. 639. Had so radical a change in these principles been intended by rule 30, the

reasonable supposition is that it would have been unmistakably declared.

It is said that rule 30 does unmistakably declare such an intention in the words "which might be the subject of an independent suit in equity against him" (i. e., the plaintiff), and by the provision "shall have the same effect as a cross-suit." But the words and the provision relied on relate, as they stand in the rule, not to cross-claims in general, but to counterclaims in equity only. So used, it seems to me that they are more probably to be understood as a requirement that affirmative relief sought upon a counterclaim must be within the equitable jurisdiction of the court. See Jackson v. Simmons, 98 Fed. 768, 39 C. C. A. 514. The new rules cannot, of course, be construed to affect in any way the distinction between law and equity imposed by statute upon the federal courts.

It is said that the new rules are based to a considerable extent on the modern English chancery practice, that in England order XIX, rule 3, Annual Practice 1913, p. 312, is substantially to the same effect as the clause of rule 30 under consideration, and that Beddall v. Maitland, 17 C. D. 181, shows how the English rule is construed. In that case the bill sought to restrain the defendant from representing himself a partner in the plaintiff's business or selling any of the stock in trade; and the defendant was allowed to maintain a counterclaim for damages to himself and his goods, due to his unlawful ejection from the premises by the plaintiff. But to my mind order XIX, rule 3, notwithstanding the similarity of part of its language, cannot be regarded as having the same effect with rule 30, because it contains no requirement that the counterclaim be based on the subject-matter of the suit, like that found in rule 30. Moreover, the modern English practice is not understood to distinguish between law and equity, as the federal courts are required to do by statute; and, this being the case, the term "counterclaim" can hardly be understood here as it might be, were there no such distinction to be observed.

I must therefore regard the provision, "and may, without cross-bill, set out any set-off or counterclaim," etc., as applying only to any such counterclaim as is described in the words immediately preceding; i. e., any counterclaim arising out of the transaction which is the subject-matter of the suit. That the defendant's proposed counterclaim is not of this character is obvious. He could not have set it up by cross-bill. See Stonemetz, etc., Co. v. Brown, etc., Co. (C. C.) 46 Fed. 851, 852.

The petition for leave to file the proposed supplemental answer is therefore denied.