## McGILL v. SORENSEN.

(District Court, E. D. New York. December 17, 1913.)

1. SET-OFF AND COUNTERCLAIM (§ 41*)—MUTUALITY OF CROSS-DEMANDS.

In a suit for infringement, brought by an individual assignee of a patent, a counterclaim for infringement of another patent by a corporation of which complainant is an officer cannot be pleaded, unless it is shown that the corporation is the real party in interest as complainant.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 76–79, 81; Dec. Dig. § 41.*]

2. PATENTS (§ 288*) — INFRINGEMENT — SUITS IN EQUITY — JURISDICTION — PLEADING—COUNTERCLAIM.

To entitle a defendant to plead a counterclaim for infringement of a patent in his answer, under rule 30 of the new equity rules, it must be shown that the infringement was committed within the district, and also that complainant has a regular and established place of business therein.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 460–466; Dec. Dig. § 288.*]

In Equity. Suit by James H. McGill against Peter Sorensen. On motion to strike out counterclaim in answer. Motion sustained.

Carrington & Pierce, of New York City (Carlton B. Pierce, of New York City, of counsel), for plaintiff.

Henry C. Townsend, of New York City, for defendant.

CHATFIELD, District Judge. The plaintiff is the assignee of the patentee of an invention manufactured by a corporation of which he is president. The defendant under rule 30 has counterclaimed on a charge of infringement of defendant's patent by the plaintiff and by the corporation of which he is president.

[1] Motion is made to strike out the counterclaim. As to the corporation the motion must be granted, in any event, unless the defendant can show that the corporation is the party entitled to bring suit, and thus compel an amendment of the complaint or of the action to bring in the other party plaintiff.

[2] But as to the present plaintiff, and the corporation as well, the motion must be granted. The United States District Court has jurisdiction of patent suits, and these may be brought in any district where the alleged infringer has "committed the act of infringement and has a regular and established place of business." Section 48, Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1000 [U. S. Comp. St. Supp. 1911, p. 149]). The answer alleges an infringement in this district, but not any regular place of business.

The motion will be granted as to the plaintiff McGill.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes