KLAUDER–WELDON DYEING MACHINE CO. v. GILES et al.

(District Court, D. Massachusetts.  March 3, 1914.)

No. 499, Equity.

PATENTS (§ 283*)—SUIT FOR INFRINGEMENT—COUNTERCLAIM.
    New equity rule 30 (33 Sup. Ct. xxvi) does not authorize the defendant
    in an infringement suit to plead in his answer as a counterclaim a cause
    of action for infringement of another unrelated patent.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 448–450, 452;
    Dec. Dig. § 283.*]

In Equity.  Suit by the Klauder-Weldon Dyeing Machine Company
against John H. Giles and others.  On motion to strike out parts of
answer.  Sustained in part.

Duell, Warfield & Duell, of New York City, for complainant.
Alfred Wilkinson, of New York City, and Samuel C. Bennett, of
Boston, Mass., for defendants.

DODGE, Circuit Judge.  1. If the defendants John H. Giles and
John H. Giles Dyeing Machine Company are estopped to deny the
validity of the patents sued on because of the assignment of those pat-
ents to the plaintiff by the defendant John H. Giles, I do not think
that enough appears from the pleadings to warrant the conclusion
that the defendant Mason Machine Works was associated with them
in the alleged infringing manufacture in such manner or to such extent
as to affect it with the same estoppel.  The arrangements made by
Giles with the Machine Works to build dyeing machines for the Giles
Company may or may not have been sufficient for such a conclusion,
but merely upon the bill and answer, I cannot say that they were.  The
motion to strike out the eleventh paragraph of the answer is therefore
denied.

2. I am unable to regard the so-called counterclaim set up in para-
graph 14 of the answer as within Supreme Court rule 30 (33 Sup. Ct.
xxvi).  Terry, etc., Co. v. Sturtevant, etc., Co. (D. C.) 204 Fed. 103;
Adamson v. Shaler (D. C.) 208 Fed. 566.  The motion to strike out so
much of the answer as relates to it is therefore granted.