PARAMOUNT HOSIERY FORM DRYING CO. v. WALTER SNYDER CO. et al.

(District Court, E. D. Pennsylvania. August 6, 1917.)

No. 1705.

COURTS ☞347—FEDERAL COURTS—PRACTICE—COUNTERCLAIM.

    Equity rule 30 (201 Fed. v, 118 C. C. A. v) declares that the answer must set forth any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against plaintiff which might be the subject of

an independent suit in equity, and such set-off or counterclaim shall have the same effect as a cross-suit. Rule 26 (201 Fed. v, 118 C. C. A. v) declares that the plaintiff may in one bill join as many causes of action cognizable in equity as he may have against the defendant; but, when there are more than one plaintiff, the causes of action joined must be joint. *Held* that, as it was obviously intended to allow defendants in pleading counterclaims the same latitude allowed plaintiffs in joining causes of action, a defendant may plead a counterclaim cognizable in equity, though it is entirely independent of plaintiff's suit.

In Equity. Suit by the Paramount Hosiery Form Drying Company against the Walter Snyder Company and others. Sur motion to strike out counterclaim. Motion denied.

Edmund H. Parry, of Washington, D. C., and Charles H. Howson, of Philadelphia, Pa., for plaintiff.

Joseph C. Fraley, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The question involved in this case is the scope and meaning of equity rule No. 30 (201 Fed. v, 118 C. C. A. v). There is a sharply contested controversial field which this rule covers. The controversy may be said to have begun over the practice of special pleading and the question of the abolition of that system of practice. The advocates of the one system dwell upon the advantages of the logical development of the law as a science; the advocates of the other keep in mind the doing of justice in each particular case under all its special facts and circumstances. In every jurisdiction, the government in which partakes to any extent of the popular form, the general course of the administration of the law is influenced by the general opinion of what should be done. The drift of late years has been strongly in the direction of the open door, and toward hearing everything which is thought to bear upon the merits of the particular case. Statutes and rules of court have reflected this view. Rule 30 is one of such rules. In chancery proceedings it might be clear that not only was a complainant not entitled to a decree against the respondent, but also that the respondent should have affirmative relief against the complainant. This latter relief, the court, for obvious reasons, could not grant under the pleadings. To obviate the difficulty, a cross-bill could be filed. This in effect brought two cases before the court, in each of which the parties were aligned in reverse. Much learning, labor, and time was devoted to having determined the limits of the operation of cross-bills. An obvious distinction between defenses which a defendant might have is that in which the defendant's claim was one arising out of the very thing which the plaintiff had made the subject-matter of his complaint and one which was entirely independent of anything which the plaintiff had brought into the case. A difference of view of what should be done at once arose between those who thought the controversy should be restricted to the case which the plaintiff had brought into court and those who thought the court, having the parties before it, should settle all the controversies between them which either side wished to have adjudicated. After a rule on the subject was formulated the same dispute was transferred to one over its meaning.

244 F.—13

There is a natural predilection on the part of every lawyer to align himself on one side or the other of the controversy. Just as naturally he is inclined to that construction of rule 30 which advances his views of the practice as it should be. The state of professional opinion is reflected in the rulings of the courts. This has developed a difference of opinion which only a commanding voice can bring into accord. Judicial opinion would seem to be at an exact equipoise, as counsel agree that the reported cases show five rulings in accord with one view and five the other. The discussion in some of the cases has taken a broader range than the situation would seem to warrant. The question of what the practice should be obviously does not concern us, except to the extent to which the preferred practice bears upon what the equity rules have declared the practice to be. Aside, therefore, from any individual views of the better practice, what does rule 30 mean? Some light is, we think, thrown upon its meaning by rule 26 (201 Fed. v, 118 C. C. A. v). The plaintiff by that rule is at liberty to introduce into his bill as many different and wholly unrelated causes of action as he may have. The only limitations are that these different rights of action shall each be cognizable in equity and belong to the plaintiffs jointly (if there be more than one plaintiff), and (if there be more than one defendant) the liability shall be joint, and no person shall be joined as a defendant unless good grounds for joining him be made to appear. This opens the door wide. A like broad right is, we think, given to the defendant by rule 30.

Full expression has already been given to each of the two views to which we have referred. A reference to the cases cited below adequately presents all which can be said. There is undeniable force in what is said in the cases which we have not followed. Much of it is presented with an appealing power to the mind of a lawyer. All of this, however, and all which could be said in support of the opposite view, was before the minds and duly weighed by those who framed our present equity rules. The whole force of it is therefore destroyed by the adoption of the rule. The present defendants assert themselves to be within the rule, whichever interpretation is followed. It is unnecessary to go into this subsidiary question, as the answer to the broader one is found to be with the defendants. It is, of course, not meant that the right of the defendant does not have its limitations. The rights of the plaintiff are expressly limited by rule 26 and there are likewise limitations imposed by rule 30, both express and by implication, as has been suggested in some of the cited cases. What is meant is that in this case it is conceded that the defendants are within the rule as interpreted in the cases, the decisions in which we have followed.

The motion to strike out the counterclaim is disallowed and denied. The cases to which reference has been made can be found by looking up the following citations: Marconi Co. v. National Co. (D. C.) 206 Fed. 296; Vacuum Cleaner Co. v. Am. Co. (D. C.) 208 Fed. 419; Salt's Co. v. Tingue Co. (D. C.) 208 Fed. 156; Electric Boat Co. v. Lake Co. (D. C.) 215 Fed. 377; Buffalo Spec. Co. v. Vancleef (D. C.) 217 Fed. 91; Terry Co. v. Sturtevant Co. (D. C.) 204 Fed. 103; Williams Co. v. Kinsey Co. (D. C.) 205 Fed. 375; Adamson v. Shaler (D. C.) 208

Fed. 566; Klauder-Weldon Co. v. Giles (D. C.) 212 Fed. 452; Sydney v. Mugford Co. (D. C.) 214 Fed. 841; Christensen v. Westinghouse Co. (D. C.) 235 Fed. 898.