PARKER PEN CO. v. REX MFG. CO.

(District Court, D. Rhode Island. March 6, 1926.)

No. 226.

1. Patents ⚖══288—Plaintiff, by replying to answer and counterclaim for infringement of patent, thereby assents to court's jurisdiction of its person in respect to subject-matter of counterclaim.

Plaintiff in patent infringement suit, by replying to answer and counterclaim for infringement of patent belonging to defendant, thereby assents to court's jurisdiction over its person in respect to subject-matter of counterclaim.

2. Patents ⚖══288—Plaintiff held not precluded from objecting to jurisdiction of court over its person on question of infringement of patent asserted in counterclaim.

Plaintiff held not precluded from objecting to jurisdiction of court over its person on question of infringement of particular patent alleged in counterclaim, because it had previously waived objection to counterclaim charging infringement of another patent, later withdrawn from case.

3. Courts ⚖══332—Equity rule is not intended to repeal or modify statute, and in case of irreconcilable conflict statute controls.

It is not purpose or function of rule in equity to repeal or modify statute, and in case of irreconcilable conflict statute must control.

4. Patents ⚖══288—Equity rule as to inclusion of counterclaim in answer held not controlling of party's right to be sued for infringement of patent in particular district (equity rule 30; Judicial Code, § 48 [Comp. St. § 1030]).

Equity rule 30, authorizing defendant to include any counterclaim or set-off which he may have against plaintiff in his answer, does not deprive plaintiff, suing for infringement of

patent, of his right to object to counterclaim for infringement of patent unrelated to his cause of action, on ground that under Judicial Code, § 48 (Comp. St. § 1030), he is entitled to be sued on such .claim in another district.

**5. Patents ⬌288—Assent to court's jurisdiction in respect to counterclaim for infringement of particular patent held not assent to litigate question of infringement of different patent.**

Plaintiff in patent infringement suit, by assenting to court's jurisdiction over his person in respect·to counterclaim for infringement of particular patent, *held* not to have agreed to litigate in that district question of infringement of a different patent, which defendant sought to substitute by amendment of counterclaim.

In Equity. Suit by the Parker Pen Company against the Rex Manufacturing Company. On motion of defendant for leave to amend answer. Motion denied.

Dodson & Roe, of New York City, and Thomas A. Jenckes, Jr., of Providence, R. I., for plaintiff.

Barlow & Barlow, of Providence, R. I., for defendant.

BROWN, District Judge. This is a suit in equity upon a bill filed September 11, 1925, in which the plaintiff, a corporation of the state of Wisconsin, charges infringement of letters patent No. 1,197,224, dated September 5, 1916, for a "clip for fountain pens," and also charges unfair competition.

The defendant is a Rhode Island corporation, and a citizen and resident of Rhode Island.

The case is now before the court upon the defendant's motion for leave to amend its answer, by setting up by way of counterclaim or cross-suit a patent to Ballou, No. 1,568,-950, dated January 5, 1926. This patent was issued subsequent to the original answer filed October 2, 1925, in which defendant by way of cross-bill and counterclaim charged plaintiff with infringement, and sought affirmative relief by injunction and accounting.

[1] October 10, 1925, the plaintiff made reply to defendant's answer and counterclaim, and by its denial put in issue the validity of the Patten patent, thereby assenting to the jurisdiction of this court over its person in respect to the subject-matter of defendant's counterclaim or cross-suit upon the Patten patent. It may be assumed that the plaintiff, by bringing suit in this district, subjected itself to any counterclaim arising out of the transaction which is the subject-matter of the original suit.

On January 13, 1926, the defendant filed its motion for leave to amend its answer, by adding the newly issued patent to Ballou, which was issued subsequent to the date of filing the bill and to the date of filing the answer.

On January 27, 1926, the defendant moved to withdraw from its counterclaim the Patten patent, which was done with the assent of the plaintiff. The defendant states that by its present motion it merely asks in effect to substitute in its counterclaim the Ballou patent for the Patten patent; it having stricken out the paragraphs of its counterclaim relating to the Patten patent. The plaintiff objects to this so-called substitution, contending that it is not subject to suit in this jurisdiction upon the newly granted pat-. ent, because it is entitled to the benefit of section 48 of the Judicial Code (Comp. St. § 1030):

"Sec. 48. In suits brought for the infringement of letters patent the District Courts of the United States shall have jurisdiction, in law or in equity, in the district, of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district. in which suit is brought."

The proposed amendment contains no allegation that the plaintiff has committed acts of infringement of the Ballou patent in this district, or that it has a regular and established place of business in this district. The defendant rests its right to add the Ballou patent to its counterclaim upon the following paragraph of equity rule 30:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross claims."

[2] It is evident that the plaintiff is not precluded from now making the objection as to jurisdiction over its person upon the question

of the infringement of the Ballou patent by the fact that it waived the objection to a counterclaim charging infringement of the Patten patent, now withdrawn from the case.

The question arises, therefore, whether equity rule 30 can be so broadly interpreted as to require us to hold that the plaintiff, by suing for the infringement of one patent in a district other than that of its residence or place of business, subjects itself generally to jurisdiction of its person in suits by way of counterclaim upon independent claims not "arising out of the transaction which is the subject-matter of the suit."

Conceding that the plaintiff, by bringing his bill in this district, consents to jurisdiction of its person as to any counterclaim arising out of the transaction which is the subject-matter of the suit; conceding that he may waive the privilege conferred by section 48 of the Judicial Code by making answer to and joining issue in the counterclaim—there yet remains the question whether equity rule 30 overrides, against plaintiff's objection to jurisdiction of its person, the statutory rights of the plaintiff under section 48, and the further question whether by bringing its bill it consents to jurisdiction of its person upon causes of action arising subsequent to the date of the bill and subsequent to the date of the answer.

The latest interpretation of rule 30 by the Supreme Court that has been called to my attention is American Mills Co. v. American Surety Co., 43 S. Ct. 149, 260 U. S. 360, 67 L. Ed. 306, which states:

"The counterclaim and the set-off and counterclaim in the two clauses are in pari materia, except that the first grows out of the subject-matter of the bill and the other does not. That which grows out of the subject-matter of the bill must be set up in the interest of an end of litigation. That which does not may be set up, if the defendant wishes in one proceeding in equity quickly to settle all equitable issues capable of trial between them in such a proceeding, even though they are not related. Buffalo Specialty Co. v. Vancleef [D. C.] 217 F. 91. The formality of cross-bills is not required, and the rule goes as far as possible to facilitate the prompt disposition of equitable controversies between the same litigants. The rule should be liberally construed to carry out its evident purpose of shortening litigation, but the limitation of counterclaims to those which are equitable is imperative."

In Buffalo Specialty Co. v. Vancleef (D. C.) 217 F. 91, referred to in the opinion of the Supreme Court, the learned judge evidently appreciates the difficulty and states:

"But these acts do not relate to the general jurisdiction of the District Court, only to the power of the particular court to proceed. They give defendant a privilege which he may waive. If the counterclaim defendant (original plaintiff) raises the question of jurisdiction at the outset, and succeeds, defendant may have a speedy decision of this question by the Supreme Court. Whatever the decision may be affects the scope of rule 30, not its construction."

In Wire Wheel Corp. of America v. Budd Wheel Co., 288 F. 308, a Circuit Court of Appeals composed of Circuit Justice Taft, and Judges Woods and Rose, the opinion by Rose, Circuit Judge, refers to the Buffalo Specialty Co. v. Vancleef (D. C.) 217 F. 91, in these words:

"Which took the view that the rule permitted the defendant to set up as a counterclaim any equitable demand which he had against the plaintiff, provided a federal court would have had jurisdiction of an independent suit in equity upon it."

I cannot regard these cases as finally answering the question whether equity rule 30 can have the effect of depriving a plaintiff of the statutory right or privilege afforded him under section 48 of the Judicial Code.

The opinion of the Supreme Court in Washington-Southern Co. v. Baltimore Co., 44 S. Ct. 220, 263 U. S. 629, 68 L. Ed. 480, is inconsistent with the view that the effect of rule 30 or the intention of the Supreme Court in framing that rule was to destroy the rights of a defendant under a statute. It was said:

"But no rule of court can enlarge or restrict jurisdiction. Nor can a rule abrogate or modify the substantive law. This is true, whether the court to which the rules apply be one of law, of equity, or of admiralty. It is true of rules of practice prescribed by this court for inferior tribunals, as it is of those rules which lower courts make for their own guidance under authority conferred."

See Geneva Furniture Co. v. Karpen, 35 S. Ct. 788, 238 U. S. 254, 259, 59 L. Ed. 1295. [3] As it is not the purpose or function of a rule in equity to repeal or modify a statutory enactment, we must give effect, if possible, both to the rule and to the statute, and in case of irreconcilable conflict, to a statute applicable to cases in equity as well as at law rather than to a rule of court.

So far as the rule authorizes the setting up by counterclaim of equitable causes of action not arising out of the subject-matter of

the bill, it may be useful in many cases where the plaintiff may consent, as he did concerning the counterclaim as to the Patten patent, to waive his privilege, but upon a true construction I am of the opinion that the filing of a bill for patent infringement in a particular jurisdiction does not in itself indicate a consent to be sued on any and all equitable claims not arising out of the subject-matter of the original suit. Were this so, a plaintiff, owner of a single patent, who desired to sue one of the numerous corporations which hold a large number of patents, might by seeking equitable relief as to that single patent bring upon himself an oppressive number of countersuits, the expense of defending which in a jurisdiction remote from his residence might destroy all hope of pecuniary benefit from his suit. It is plain that it was not the purpose of the Supreme Court in rule 30 to provide a defendant the means of catching a plaintiff away from home, or to derogate from a statute whose plain intention is that patent suits are to be brought where the defendant resides, has a place of business, or has committed acts of infringement.

To the proposition that a counterclaim not related to the bill is in all respects an independent action by defendant against the plaintiff the plaintiff cites Stooke v. Taylor, 5 Q. B. D. 569.

From the great conflict of authority in the federal courts as to the true meaning of equity rule 30, and from the conflict in the English courts over the meaning of Order XIX, it would seem desirable that that rule be modified by the Supreme Court, to put at rest the doubts of the courts and of the bar as to its true meaning. So far as the rule attempts to deal with questions of general convenience, rather than with questions of equitable right, it should be observed that the question of convenience to defendants seems to be dealt with directly by Congress in section 48.

[4, 5] I am of the opinion that upon a proper construction of rule 30 it does not deprive a plaintiff of the right to object to a counterclaim upon matters unrelated to the plaintiff's cause by asserting his rights under section 48 of the Judicial Code; that it was not the intention of the rule to destroy the statutory right; and I am further of the opinion that the defendant's attempt to support its jurisdiction over the person of the plaintiff by substituting an entirely new cause of action for the cause of action set up in its original counterclaim is unsuccessful. The plaintiff's assent to litigate the Patten patent in this district is not a consent to litigate the Ballou patent in this district.

The motion to amend is denied.

NOTE BY THE COURT.—Counsel in this case have been diligent and helpful in their examination of the American and English authorities. It may be useful to append in a note a statement of certain authorities presented in addition to those to which we have referred.

Note 1.—The defendant presents the following authorities:

"The cases which did not allow a separate patent to be set up as a counterclaim in an answer to a bill of complaint are Terry Steam Turbine Co. v. B. F. Sturtevant (D. C.) 204 F. 103 (Mass. 1913), Judge Dodge; Williams Patent Crusher & Pulverizer Co. v. Kinsey Mfg. Co. (D. C.) 205 F. 375 (N. Y. 1913); Vacuum Cleaner Co. v. American Rotary Valve Co. (D. C.) 208 F. 419 (N. Y. 1913); Adamson v. Shaler (D. C.) 208 F. 566 (Wis. 1913); McGill v. Sorensen (D. C.) 209 F. 876 (N. Y. 1913); Atlas Underwear Co. v. Cooper Underwear Co. (D. C.) 210 F. 347; Klauder-Weldon Dyeing Machine Co. v. Giles et al. (D. C.) 212 F. 452 (Mass. 1914); Sydney v. Mugford Printing & Engraving Co. (D. C.) 214 F. 841 (Conn. 1914); Colman v. American Warp Drawing Machine Co. (D. C.) 235 F. 531 (Mass. 1915); Christensen v. Westinghouse Traction Brake Co. (D. C.) 235 F. 898 (Pa. 1916); Cleveland Engineering Co. v. Galion Dynamic Motor Truck Co. (D. C.) 243 F. 405 (Ohio, 1917); Ohio Brass Co. v. Hartman Electrical Mfg. Co. (D. C.) 243 F. 629; McTighe Improvement v. Same (D. C.) 243 F. 629 (Ohio, 1917).

"The cases which did allow a separate patent to be set up by the defendant as a counterclaim or cross-bill in answer to a bill of complaint are Marconi Wireless Telegraph Co. v. Nat. Electric Signal Co. (D. C.) 206 F. 295 (N. Y. 1913); Salt's Textile Mfg. Co. v. Tingue Mfg. Co. (D. C.) 208 F. 156 (Conn. 1913); Electric Boat Co. v. Lake Torpedo Boat Co. (D. C.) 215 F. 377 (N. J. 1914); United States Expansion Bolt Co. v. H. G. Kroncke Hardware Co. (D. C. Wis. 1914) 216 F. 186; Id. (C. C. A. 7th, 1916) 234 F. 868, 148 C. C. A. 466; Buffalo Specialty Co. v. Vancleef (D. C.) 217 F. 91 (Ill. 1914); Harper Bros. v. Klaw (D. C.) 232 F. 609; Paramount Hosiery Form Dyeing Co. v. Walter Snyder Co. (D. C.) 244 F. 192 (Pa. 1917); Champion Plug Co. v. Champion Ignition Co. (D. C.) 247 F. 200 (Mich. 1917); Victor Talking Machine Co.

v. Brunswick-Balke-Collender Co. (D. C.) 279 F. 758 (Del. 1922).

"From the above it will be seen that we find a conflict of decisions between the different circuits and between the different districts, and it is only fair to state that the decisions in the first circuit, which seem to be confined to the District Courts of Massachusetts, are against the allowing of a separate patent to be set up as a counterclaim in an answer to a bill of complaint."

Note 2.—The plaintiff presents the following authorities:

"1. That defendant may counterclaim any matter which might be 'the subject of an independent suit in equity.' American Mills Co. v. American Surety Co., 43 S. Ct. 149, 260 U. S. 360, 67 L. Ed. 306; Beddall v. Maitland, 17 C. D. 174; Stooke v. Taylor, 5 Q. B. D. 569.

"2. That to permit such a pleading the court must have jurisdiction to hear and determine such 'independent suit in equity.' Bow, McLachlan & Co., Ltd., v. Camosun et al., [1909] A. C. 597; Marconi Wireless Tel. Co. v. National E. S. Co. (D. C.) 206 F. 295, 300; McGill v. Sorensen (D. C.) 209 F. 876.

"3. Although parties may have consented to the court's jurisdiction as to the original suit, matter which may be the 'subject of an independent suit in equity' cannot be counterclaimed against the wish of the plaintiff, if the court would not have jurisdiction to hear and determine such 'independent suit in equity.' In re Milan Tramways Co., 22 Ch. Div. 122; Bow, McLachlan & Co., Ltd., v. Camosun, supra; Williams Bros. v. Agius, [1914] A. C. 510.

"4. The weight of authority is that the subject-matter of the counterclaim must have arisen prior to the suit. Original Hartlepool Collieries Co. v. Gibb, 5 C. D. 713; Toke v. Andrews, 8 Q. B. D. 428, 430; Barber v. Penley, 2 Ch. 447; Lowdens v. Keaveaney, 2 Ir. R. 82, 88 K. B. D.; In re Milan Tramways Co., supra.

"The only exception is the case of Beddall v. Maitland, 17 C. D. 174, in which the subject-matter of the counterclaim grew out of the original transaction. The quotation from the Steam Turbine Case is mere dicta, as the trial court declared it unsound and did not follow it in deciding that case.

"5. A premature suit cannot be cured by later amendment. Texas Portland Cement Co. et al. v. McCord et al., 34 S. Ct. 550, 233 U. S. 157, 58 L. Ed. 893; American Bonding & Trust Co. v. Gibson County, 145 F. 871, 76 C. C. A. 155, 7 Ann. Cas. 522; Sim-kin's Federal Practice, pp. 58, 59; Kryptok v. Haussmann & Co. (D. C.) 216 F. 267.

"6. Matter of convenience may not govern, for the rules made for that purpose must yield to the statute which confers jurisdiction. Bow, McLachlan & Co., Ltd., v. Camosun, supra; Beddall v. Maitland, supra; Fritz v. Hobson, 14 C. D. 542; Marconi Wireless Co. v. National Co. (D. C.) 206 F. 295."