**DURABILT STEEL LOCKER CO. v. BERGER MFG. CO.**

District Court, N. D. Ohio, E. D. July 1, 1927.

No. 2151.

**1. Patents ⊕⇒310(7½)—Equity rule does not authorize counterclaim on unrelated patent on which by statute complainant could not be sued in that district (equity rule 30; Judicial Code § 48 [Comp. St. § 1030]).**

Equity rule 30, authorizing counterclaim in answer which might be the subject of an independent suit in equity against complainant, was not intended, and cannot be construed, to abrogate Judicial Code, § 48 (Comp. St. § 1030), which limits jurisdiction in patent cases to the district of which defendant is an inhabitant or where he shall have committed acts of infringement and have a regular and established place of business, and a defendant sued for infringement cannot, over complainant's objection, plead a counterclaim for infringement of an unrelated patent, where, under the statute, an independent suit thereon could not be maintained in that district.

**2. Patents ⊕⇒288(3)—Engaging in litigation in district is not "doing business" there (Judicial Code, § 48; Comp. St. § 1030).**

Corporation engaging in litigation in a district is not doing business there, within Judicial Code, § 48 (Comp. St. § 1030).

**3. Appearance ⊕⇒22—Waiver by appearance is always a matter of intention.**

Waiver by an appearance is always a matter of intention, and is not to be inferred, except from acts from which the intent may be properly inferred.

**4. Appearance ⊕⇒12—Effect of general appearance is limited to subject-matter to which defendant appears.**

The effect of a general appearance is limited to the subject-matter to which defendant appears.

**5. Judgment ⊕⇒250—Judgment for new cause of action is void, in absence of new appearance or new process.**

A judgment rendered for a new cause of action, not embodied in original pleading, is wholly void, in the absence of a new appearance or new process.

**6. Patents ⊕⇒288(3)—Immunity from suit, except in district inhabited or where infringement is committed, is matter of substantive law (Judicial Code, §§ 48, 51 [Comp. St. §§ 1030, 1033]).**

The privilege of immunity from suit, except in the district of which defendant is an inhabitant, or in which he has committed acts of patent infringement and has a regular and established place of business, conferred by Judicial Code, §§ 48, 51 (Comp. St. §§ 1030, 1033), is a matter of substantive law, and not merely of practice.

In Equity. Suit by the Durabilt Steel Locker Company against the Berger Manufacturing Company. On motion to dismiss counterclaim. Granted.

William R. Rummler and William Cyrus Rice, both of Chicago, Ill., and Kwis, Hudson & Kent, of Cleveland, Ohio, for plaintiff.

Fay, Oberlin & Fay, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. The bill charges infringement of a patent for an improvement in locks for lockers. Defendant joins to its answer a counterclaim charging infringement by plaintiff of a patent for an improvement in cabinet construction. Plaintiff moves to dismiss this counterclaim, on the ground that it is based on an independent cause of action in no wise growing out of or connected with the cause of action stated in the bill.

[1] The two causes of action are independent and unconnected, and the one set up in the counterclaim does not arise out of the cause of action which is the subject-matter of plaintiff's bill. The counterclaim, however, may be the subject of an independent suit in equity against the plaintiff, and, inasmuch as it is based upon a patent, it is one of which a federal court has jurisdiction. It is not alleged, and does not appear, that plaintiff is an inhabitant of this district, and, if it has committed acts of infringement therein, it does not have a regular and established place of business therein; hence, while the cause of action set up in the counterclaim is one which may be the subject of an independent suit in equity, of which a federal court has jurisdiction, it is not one upon which plaintiff might be sued in the Northern district of Ohio, against its timely objection.

Whether the motion should be granted or denied involves in part the construction of the last clause of new equity rule 30, or, to state the question otherwise, whether that rule, if given a construction to conflict with the venue provisions of section 48, Judicial Code (Comp. St. § 1030), can be permitted to nullify a party's right to insist that he be sued in a district of which he is an inhabitant, or in which he commits acts of infringement and has a regular and established place of business.

[2] Engaging in litigation in a district is not doing business there, within this section. See Compagnie du Port de Rio de Janiero v. Mead Morrison Mfg. Co. (D. C.) 19 F.(2d) 163.

In my opinion, this motion should be sustained. It is my view that equity rule 30 should not be given a construction bringing it into conflict with section 48. I am therefore

adhering to the ruling announced by me in Ohio Brass Co. v. Hartman Electrical Mfg. Co. (D. C.) 243 F. 629. Upon this question there exists diversity of opinion among the judges of the District Courts. The cases have been summarized and reviewed and brought down to date in Parker Pen Co. v. Rex Mfg. Co. (D. C.) 11 F.(2d) 533. The reasoning of District Judge Brown accords with my own and is adopted, and will be adhered to until there is an authoritative construction to the contrary.

Defendant urges that a contrary construction has been authoritatively established by American Mills Co. v. American Surety Co., 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306, and Wire Wheel Corp'n v. Budd Wheel Co. (4 C. C. A.) 288 F. 308. I agree with District Judge Brown that this exact point was not presented in American Mills Co. v. American Surety Co., and, like him, I am unable to concur in the reasoning of the opinion in the Wire Wheel Corp'n Case. The fatal inconsistency between rule 30, if given this construction, and section 48, seems to have been overlooked. Rule 30 was framed and promulgated under authority of section 917, U. S. Revised Statutes (Comp. St. § 1543). This section confers power only to prescribe rules not inconsistent with any law of the United States and generally to regulate the practice in suits in equity. In Washington-Southern Co. v. Baltimore Co., 263 U. S. 629, 44 S. Ct. 220, 68 L. Ed. 480, it was said: "But no rule of court can enlarge or restrict jurisdiction. Nor can a rule abrogate or modify the substantive law. This is true, whether the court to which the rules apply be one of law, of equity, or of admiralty."

Obviously, rule 30 was not intended to abrogate section 48. As power did not exist to abrogate section 48, rule 30 cannot be given a construction which would abrogate it. Recognizing the soundness of this view, the courts which have construed rule 30 as authorizing the bringing in of a counterclaim not growing out of or connected with the subject-matter of plaintiff's bill, nor of such a nature as it might prior thereto have been the subject of a cross-bill in equity, have sought to escape from the difficulty by holding that a plaintiff, when he files his bill in a particular district, consents to be sued there with respect to any and every cause of action which may be the subject of an independent suit in equity cognizable in any federal court. This view, in my opinion, is an inadmissible extension of the doctrine of waiver of venue by appearance. If the counterclaim is merely one of which the federal court of that district

has jurisdiction as to subject-matter and can acquire jurisdiction of the plaintiff, the question involved would be merely one of practice, and not of substantive law, and might be properly within the purview of the power conferred by section 917, to regulate practice in suits in equity. In any event, the error or irregularity in practice would not be substantial, for the reason that defendant might bring an independent suit upon his counterclaim, and the court might properly consolidate the cases for hearing if, in its opinion, the interests of justice might so require.

[3] But in the present situation section 48 must be abrogated, or the doctrine of an appearance in court limited to one purpose must be overthrown. The venue provisions of section 48, it is true, may be waived by a general appearance. See Sandusky Foundry & Machine Co. v. De Lavaud (D. C.) 251 F. 631. But waiver by an appearance is always a matter of intention, and is not to be inferred, except as the result of acts from which an intent may be properly inferred. See Dahlgren v. Pierce (6 C. C. A.) 263 F. 841; Salmon Falls Mfg. Co. v. Midland Tire & Rubber Co. (6 C. C. A.) 285 F. 214. A plaintiff who files a bill may properly be said to intend to appear in the court in which he files it as to the subject-matter of that bill and all other matters connected with or growing out of that subject-matter; but it cannot properly be said that he intends to appear in that court to any and every subject-matter unconnected with and independent thereof, which may be made the subject of an independent suit in equity cognizable in a federal court.

[4] The practice in analogous situations limits the effect of a general appearance to the subject-matter to which the defendant appears. It has been held that when a defendant appears generally to a bill which on its face makes a proper showing of venue as to the defendant, and after such appearance plaintiff amends his bill, showing the absence of venue, the defendant may, notwithstanding his prior general appearance, take advantage of the absence of venue disclosed by the amended pleading. See Crown Cotton Mills v. Turner (C. C.) 82 F. 337; Hohorst v. Hamburg-Amer. Packet Co. (C. C.) 38 F. 273; same case on appeal, 148 U. S. 262, 13 S. Ct. 590, 37 L. Ed. 443. Likewise, an appearance by a defendant to a pleading which states one cause of action, is held not to be an appearance to an amended pleading stating a wholly new and different cause of action. See Ex parte Indiana Transportation Co., 244 U. S. 456, 37 S. Ct. 717, 61 L. Ed. 1253.

[5] A judgment rendered for a new cause of action, not embraced in original pleading, is wholly void, in the absence of a new appearance or new process. See Reynolds v. Stockton, 140 U. S. 254, 269, 271, 11 S. Ct. 773, 35 L. Ed. 464. Also the statute of limitations is applicable to new and independent causes of action thus stated, if the bar of the statute has attached after the suit was brought but before the amendment. See Union Pacific Ry. v. Wyler, 158 U. S. 285, 15 S. Ct. 877, 39 L. Ed. 983.

[6] The privilege of immunity from suit, except in the district of which the defendant is an inhabitant, or in which he has committed acts of infringement and has a regular and established place of business, conferred or preserved by sections 48 and 51 of the Judicial Code (Comp. St. §§ 1030, 1033), is a matter of substantive law and not a mere matter of practice. A construction of equity rule 30 which deprives a party of that privilege ought not to be adopted, in the absence of better reasons than any to be found in the published opinions or known to me.

It results from this reasoning that defendant's counterclaim must be stricken from its answer. An exception may be noted.