## FLOWERS v. MAGOR CAR CORPORATION.

District Court, D. New Jersey. May 17, 1928.

**1. Courts ☞347(6)—That proposed counterclaim did not arise out of transaction constituting subject-matter of suit held not to prevent amendment of answer (Equity Rule 30).**

Under Equity Rule 30, permitting defendant to set up counterclaim which might be subject of independent suit in equity against plaintiff, it was no objection to permitting amendment of answer that proposed counterclaim sought to be interposed did not arise out of the transaction which was the subject-matter of the suit.

**2. Courts ☞347(6)—Granting or denying permission to amend answer by inserting counterclaim not arising out of transaction sued on is within court's discretion (Equity Rule 30).**

Under Equity Rule 30, making it optional with defendant whether to set up in answer counterclaim arising independently of transaction constituting subject-matter of suit or to make it subject of independent equity suit, granting or denying of defendant's motion to permit amendment of answer to set up counterclaim founded on cause of action not arising out of transaction involved in plaintiff's suit, but arising subsequent to the filing of the answer, is within court's sound discretion, though rule does not expressly vest court with power to refuse permission to file counterclaim.

**3. Patents ☞310(10)—Application to amend answer by setting up counterclaim alleging plaintiff's infringement of defendant's patent granted five months after issue joined, will be denied (Equity Rule 30).**

Where defendant's patent, alleged to have been infringed by plaintiff, was not granted until five months after issue was joined on plaintiff's bill alleging infringement of plaintiff's patent, and defendant's application for leave to amend its answer by inserting counterclaim alleging infringement of its patent was not made until after original suit was listed for trial by the court, following the taking and filing of depositions of nonresident witnesses, defendant's application will be denied under Equity Rule 30 as unduly delaying the suit.

In Equity. Patent infringement suit by Henry Fort Flowers against the Magor Car Corporation. On defendant's motion to amend answer and insert counterclaim. Motion denied.

Chas. L. Sturtevant, of Washington, D. C., for plaintiff.

Warren S. Orton, of New York City, for defendant.

RELLSTAB, District Judge. The plaintiff alleged infringement of its patent by the defendant. Issue was joined October 11, 1927. Depositions taken pursuant to stipulation and the statutes were filed January 12, 1928.

After the cause was listed for trial at the present term of court, the defendant moved to amend its answer by inserting a counterclaim, alleging infringement by the plaintiff of certain letters patent owned by the defendant, which letters patent were issued on March 20, 1928. The proposed counterclaim alleges that it "might be the subject, of an independent suit in equity" against the plaintiff and his named licensees.

[1] The allowance of this amendment is opposed by the plaintiff on the grounds, first, that it does not arise "out of the transaction which is the subject-matter of the suit"; and, second, that it is based on a patent issued long after joinder of the issue tendered by the plaintiff's bill, and after taking testimony in support thereof.

The first contention is sufficiently answered by equity rule 30, which, by its terms, permits the setting up by the defendant of a counterclaim "which might be the subject of an independent suit in equity" against the plaintiff. American Mills Co. v. American Surety Co., 260 U. S. 360, 365, 43 S. Ct. 149, 67 L. Ed. 306; Moore v. New York Cotton Exchange, 270 U. S. 593, 609, 46 S. Ct. 367, 70 L. Ed. 750, 45 A. L. R. 1370; Electric Boat Co. v. Lake Torpedo Boat Co. (D. C. N. J.) 215 F. 377; Buffalo Specialty Co. v. Vancleef (D. C. Ill.) 217 F. 91; Paramount Hosiery Form Drying Co. v. Walter Snyder Co. (D. C. Pa.) 244 F. 192; Victor Talking Mach. Co. v. Brunswick-Balke-Collender Co. (D. C. Del.) 279 F. 758.

The second contention is more formidable. Equity rule 30 requires that any counterclaim set up against the plaintiff shall be made in the defendant's answer. If its subject-matter arises "out of the transaction which is the subject-matter of the suit," it must be pleaded; if it arose independently of such transaction, it is optional with the defendant whether he sets it out in that suit or makes it the subject of an independent action.

The purpose of the mandatory provision of this rule is to end in one suit all controversies arising out of the same transaction. If the defendant fails to counterclaim such a controversy, by necessary implication he is forever barred from obtaining any affirmative relief based thereon. There is no bar, however, by virtue of this rule, if he fails to counterclaim a demand not so arising.

In order "to pronounce a final judgment in the same suit both on the original and cross-claims," purposed by rule 30, a time limit must be put on the defendant's right to interpose a counterclaim. In the case of one founded on a transaction put in suit by the plaintiff, as it is actionable at the time the plaintiff's cause of action accrues, it should be interposed at the time the defendant is required or permitted to plead to the bill.

When must a counterclaim founded on a cause of action not arising out of the transaction involved in the plaintiff's suit have accrued, to permit it to be set up? No reported federal case has decided this precise question.

It was present and noted in Parker Pen Co. v. Rex Mfg. Co. (D. C. R. I.) 11 F.(2d) 533, 535, but the decision denying the motion to amend the answer by setting up a counterclaim founded on a patent issued subsequent to the filing of the original answer rested on another ground. However, in a footnote to that case, Judge Brown cites a number of English authorities which deal with a similar rule, embodied in Order xix of the English practice, and upon which the pertinent part of equity rule 30 is based. These cases are not in accord.

In Original Hartlepool Collieries Co. v. Gibb, 5 Ch. Div. 713, it was held that the counterclaim must be limited to the date when the plaintiff issues his writ. The contrary is held in the later case of Beddall v. Maitland, 17 Ch. Div. 174, which permitted a counterclaim in respect to a cause of action which accrued subsequent to the issuing of the writ.

In Gray v. Webb, 21 Ch. Div. 802, it was held that the court has a discretion to exclude a counterclaim which may unduly delay the action.

[2] The instant case does not call for a decision of the question whether the matter sought to be counterclaimed must have arisen at the time the plaintiff filed his bill, nor even whether it must have been actionable when the answer thereto was due. The granting of the motion may be considered as one resting in the sound discretion of the court, for, while rule 30 does not expressly vest the court with power to refuse permission to file a counterclaim—differing in that respect from rule 3 of Order xix of the English practice—such power, in my judgment, must be presumed to exist in our equity courts, in order to prevent undue delay in determining the issues raised in the original suit.

[3] In the instant case, as noted, the defendant's patent, alleged to have been in-

fringed by the plaintiff, was not granted until five months after issue was joined on the plaintiff's bill; and the application to counterclaim that controversy was not made until after the original suit was listed for trial by the court, following the taking and filing of depositions of nonresident witnesses. To now add the proposed new controversy to the plaintiff's suit already partly tried would of necessity delay its determination—a delay that in the circumstances would be undue and which, in my judgment, should not be permitted.

The motion to amend in the particulars noted is denied.