## ALLIED METAL STAMPING CO., Inc., v. STANDARD ELECTRIC EQUIPMENT CORPORATION.

### No. 5584.

District Court, E. D. New York.

Nov. 2, 1931.

Darby & Darby, of New York City, for plaintiff.

Louis Barnett, of New York City, for defendant.

BYERS, District Judge.

Motion for order dismissing counterclaim in defendant's answer to the bill of complaint alleging infringement of plaintiff's patent No. 1,611,499, issued December 21, 1926.

The plaintiff is a corporation of New Jersey, and the defendant is a corporation of Delaware, having a regular and established place of business within this district where the alleged acts of infringement are said to have occurred.

The counterclaim asserts ownership of patent No. 1,760,663, issued May 27, 1930, which the plaintiff is said to have infringed;

such conduct is not alleged to have occurred within this district. The counterclaim asserts no facts with reference to the place of incorporation of the plaintiff company, or its having a regular and established place of business within this district, which would subject the plaintiff to the jurisdiction of this court, if the defendant's patent were the sole basis of an infringement suit against the plaintiff.

The counterclaim, considered in its permissive aspect within the second paragraph of Equity Rule 30 (28 USCA § 723), would be dismissed on the plaintiff's motion under the practice established in this district (McGill v. Sorensen, 209 F. 876), unless the plaintiff has waived its right so to move.

Defendant ascribes waiver to the following: The complaint was filed and summons was served August 5, 1931; the answer was filed September 30, 1931, and on October 16, 1931, a stipulation was signed by the respective solicitors " * * * that the time for the plaintiff to file answer (sic) be extended thirty (30) days from the time within which filing of answer (sic) to the counterclaim is now due."

On the following day, October 17, 1931, the instant notice of motion was served and filed "for an order dismissing, with costs, the counterclaim contained in defendant's answer for lack of jurisdiction, pursuant to the provisions of U. S. Judicial Code, Section 48", and for twenty days' time subsequent to the entry of order on this motion to reply to or otherwise move with regard to the answer.

It is true that, under Equity Rule 31 (28 USCA § 723), the plaintiff's reply, if any, should have been served and filed by October 10, 1931, and the stipulation of October 16th was entered into while the plaintiff was in default. For present purposes, it may be treated as a nullity, and this motion may be said to have been noticed one week too late.

This is not deemed to indicate an intention to waive the right to have the court pass upon the plaintiff's contention, in view of the prompt making of this motion. The plaintiff's time to reply to the counterclaim or otherwise move in reference thereto is hereby extended for the period of ten days after the entry of an order upon this motion.

There remains to consider the defendant's contention that its counterclaim was necessarily asserted within the mandatory portion of Equity Rule 30 (28 USCA § 723), because the alleged infringement by the plaintiff of defendant's patent, which was issued about three and one-half years later than the

plaintiff's, arises out of the transaction which is the subject-matter of the suit.

If the defendant's contention is understood, it is that the plaintiff's alleged infringement of defendant's patent arises out of the transaction in litigation; namely, the validity and infringement of plaintiff's patent.

It is conceivable that both parties are right, and that each is infringing the other's patent; but how plaintiff, by violating defendant's patent, later by a matter of over three years, may be said to be engaged in the transaction which is the subject of its own bill against the defendant, is not made to appear.

Similarity there may be, between the two structures, but each patent is entitled presently to the presumption of validity based upon issue of the letters, and, so far as the court is able to observe for the purposes of this motion, the defendant's case would have been one for cross-bill under older practice.

Marconi, etc., Co. v. National, etc., Co. (D. C.) 206 F. 295, and other cases cited in Hopkins Equity Rules (6th Ed.) have been examined, and nothing has been found to sustain defendant's contention on this subject.

For the foregoing reasons, therefore, plaintiff's motion to dismiss the counterclaim is granted.